624 A.2d 799

Purcell BRONSON, Appellant,

v.

Kenneth L. LECHWARD, David J. Good, and H.S. Callithen,
in Official and Private Capacity, Appellees.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 18, 1992.

Decided April 22, 1993.

Purcell Bronson, pro se.

No appearance for appellees.

Before DOYLE, COLINS and KELLEY, JJ.

Judge COLINS.

Purcell Bronson (Bronson) appeals an order of the Court of Common Pleas of Allegheny County (trial court) which denied his "Petition for Leave to Proceed *In Forma Pauperis.*"

Bronson was a prisoner incarcerated at the State Correctional Institution at Pittsburgh. Prison officials discovered that Bronson possessed a homemade knife and charged him under prison rules with possession of contraband. A hearing was held before a Department of Corrections (Department) hearing officer. Bronson was found guilty and was placed in disciplinary custody for a period of ninety days.

On October 23, 1991, Bronson filed a *pro se* complaint against three Department employees, Kenneth L. Lechward, David J. Good, and H.S. Callithen (collectively, Employees). Bronson alleged that the Employees deprived him of due process and violated his civil rights by failing to interview him after thirty days in disciplinary custody, as required by an administrative directive of the Department. He asserts that the interview is designed for the purpose of determining whether a prisoner should remain in disciplinary custody or should be released into the general prison population. Bronson claims that the Employees intentionally and negligently failed to perform the interview. He also claims that, had the interview been conducted, the Employees would have discovered that his behavior had changed to the degree that he could have been released from disciplinary custody into the general prison population. Bronson sought a declaratory judgment declaring that the Employees violated his civil rights and due process rights as guaranteed by Article I, Section 26 of the Pennsylvania Constitution, and he also sought money damages not in excess of $5000.00.

Bronson filed his petition to proceed *in forma pauperis* simultaneously with the complaint. On November 4, 1991, the trial court denied Bronson's petition. The trial court determined that Bronson's petition was frivolous, because the Employees were Commonwealth parties immune from suit under Sections 8501, 8521, and 8522 of the Judicial Code (Code), 42 Pa.C.S. §§ 8501, 8521, and 8522. This appeal followed.

Bronson contends that (1) the trial court abused its discretion when it summarily dismissed his petition to proceed *in forma pauperis;* and (2) that the trial court abused its discretion when it practiced law on behalf of the Employees by, in essence, sustaining a preliminary objection in the form of a demurrer to his complaint.

When reviewing the decision of a trial court, our scope of review is limited to a determination of whether constitutional rights have been violated, or whether the trial court abused its discretion or committed an error of law. *Mann v. City of Philadelphia*, 128 Pa.Commonwealth Ct. 499, 563 A.2d 1284

(1989), *petition for allowance of appeal denied,* 525 Pa. 622, 577 A.2d 892 (1990).

Petitions to proceed *in forma pauperis* are controlled by Pa.R.C.P. No. 240. This rule was amended, effective January 1, 1992, through the addition of Pa.R.C.P. No. 240(j), which reads as follows:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, *the court prior to acting upon the petition may dismiss the action, proceeding or appeal* if the allegation of poverty is untrue or *if it is satisfied that the action, proceeding or appeal is frivolous.* (Emphasis added.)

■ In the present case, Bronson filed his complaint and petition to proceed *in forma pauperis* simultaneously. Pa. R.C.P. No. 240(j) is applicable to the instant case, regardless of the fact that the trial court dismissed Bronson's petition in November of 1991, since Pa.R.C.P. No. 240(j) went into effect while his appeal was pending. *Keller v. Kinsley,* 415 Pa.Superior Ct. 366, 609 A.2d 567 (1992); Pa.R.C.P. No. 52. While this rule contemplates dismissing a plaintiff's case as frivolous rather than dismissing a petition to proceed *in forma pauperis,* the trial court's dismissal of Bronson's petition had the practical effect of dismissing his complaint. *Keller.* Therefore, we will apply Pa.R.C.P. No. 240(j) to this appeal.

■ In accordance with Pa.R.C.P. 240(j), we must determine whether the trial court erred when it held that Bronson's complaint was frivolous. Bronson's complaint sought a judgment declaring that the Employees' failure to conduct an interview after he was placed in disciplinary custody deprived him of his civil rights under Article I, Section 26 of the Pennsylvania Constitution. That section provides as follows:

> Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.

In *Fischer v. Department of Public Welfare,* 509 Pa. 293, 502 A.2d 114 (1985), our Supreme Court held that Article I, Section 26 is designed to protect Commonwealth citizens from being harassed or punished for the exercise of their constitutional rights; a person has a cause of action under this section, when the person has been penalized for exercising a constitutional right.

In the present case, Bronson did not aver in his complaint that he was penalized for the exercise of his constitutional rights. Instead, he averred that the actions of the Employees deprived him of his civil rights and due process rights when they failed to conduct an interview which, he alleges, could have resulted in his release from disciplinary custody. Therefore, we hold that, because he failed to aver that he was in any way penalized for the exercise of a constitutional right, Bronson failed to state a cause of action under Article I, Section 26 of the Pennsylvania Constitution. *Fischer.*

Moreover, an employee of a Commonwealth agency is immune from suit when the employee is acting within the scope of his or her employment and the claim against the employee does not fit into any category in which sovereign immunity has been waived. *LaFrankie v. Miklich,* 152 Pa.Commonwealth Ct. 163, 618 A.2d 1145 (1992). In his complaint, Bronson averred that the Employees violated his constitutional rights and committed numerous intentional torts against him. He did not, however, allege that the Employees acted outside the scope of their employment; nor did he assert that the actions of the Employees fit into any of the exceptions to sovereign immunity listed in Section 8522(b) of the Code, 42 Pa.C.S. § 8522(b). Therefore, since Bronson did not aver that the Employees were acting outside the scope of their duties when he was allegedly harmed, and since Bronson did not aver that the Employees' actions were within any exception to sovereign immunity, we conclude that the trial court correctly determined that the Employees were immune from suit.

In light of the above, we hold that because there was no legal basis to Bronson's complaint, the trial court did not commit an error of law or abuse its discretion when it determined that Bronson's suit was frivolous. Further, we hold that the trial court acted within the authority granted to it by Pa.R.C.P. No. 240(j), when it dismissed Bronson's petition to proceed *in forma pauperis*. Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 22nd day of April, 1993, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

DOYLE, J., concurs in the result only.