· 640 A.2d 508

COMMONWEALTH of Pennsylvania
ex rel. Ronald L. MINDEK,

v.

June B. LILLEY, Paul M. Pozonsky, and James Ellis.

**Appeal of Ronald L. MINDEK, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 3, 1993.

Decided April 5, 1994.

Ronald L. Mindek, appellant, for himself.

Howard M. Holmes, for appellees.

Before COLINS and PELLEGRINI, JJ., and KELTON, Senior Judge.

COLINS, Judge.

Ronald L. Mindek (appellant) appeals an order of the Court of Common Pleas of Washington County (Common Pleas) dismissing with prejudice his civil cause of action. We affirm.

On May 17, 1991, appellant filed a *pro se* complaint against three Washington County district justices (collectively, defendants) entitled "Complaint–Petition for Writ of Quo Warranto, Damages for Civil Rights Violations" (complaint). Simultaneously, appellant filed a petition for leave to proceed *in forma pauperis* (IFP petition). The record reveals that the prothonotary accepted both documents even though appellant had not first, independently submitted his IFP petition to the motions judge for adjudication, as required by Washington County Court Rule of Civil Procedure No. L–200.5.[1] The docket reveals that subsequently, appellant reinstated his

1. Washington County Court Rule of Civil Procedure No. L–200.5 provides, in pertinent part:
    c. The Motions Judge shall afford all parties an opportunity to present any civil matter that requires immediate consideration in open Court. As used herein, the term "motion" shall include every type of motion, petition, or request for action by the Court.
    d. The Motions Judge will act on all civil motions and petitions that are not related to cases assigned to a trial Judge. Motions related to assigned cases are governed by L–200.6.
As appellant's IFP petition was filed simultaneously with his complaint, and as the case was not assigned to a trial judge on the date of filing, May 17, 1991, Washington County R.C.P. No. L–200.5(d) would require appellant to first, independently submit his IFP petition to the motions judge.

complaint on three separate occasions.[2] Thereafter, by order dated September 9, 1991, Common Pleas directed that with respect to the IFP petition, a hearing be held to determine the extent of appellant's assets. Appellant appealed Common Pleas' September 9, 1991 order to this Court, whereupon on December 26, 1991, this Court, by per curiam order, dismissed the appeal. On remand, Common Pleas reviewed appellant's complaint:

The complaint alleges that the defendants, [Washington County District Justices June B. Lilley, Paul M. Pozonsky, and James Ellis,] are illegally occupying the Office of District Justice, in their respective magisterial districts, because each failed to file a 'notice of acceptance' pursuant to [Section 1 of the Act of April 13, 1859, P.L. 592 (Act 577)[3]]. [Appellant] demands that the defendants be removed from office, and that he be awarded damages for violation of his civil rights. In a separate count, [appellant] seeks to bring a class action suit.

The Court notes that the Act on which [appellant] bases his cause of action[, Act 577,] was ultimately repealed by [the Act of April 22, 1909, P.L. 104 (Act 63)[4]], which

2. Appellant reinstated his complaint on June 17, 1991, July, 18, 1991, and August 19, 1991.

3. Section 1 of Act 577 provides:

*Be it enacted by the Senate and House of Representatives of the Commonwealth of Pennsylvania in General Assembly met, and it is hereby enacted by the authority of the same,* That every person hereafter elected to the office of justice of the peace or alderman, shall, within thirty days after the election, if he intends to accept said office, give notice thereof in writing to the prothonotary of the common pleas of the proper county, who shall immediately inform the secretary of the commonwealth of said acceptance; and no commission shall issue until the secretary of the commonwealth has received the notice aforesaid.

4. Act 63 provides:

Section 1. Be it enacted, & c., That within five days after the regular election, the prothonotary of the proper county shall certify, under his hand and seal of office, to the Secretary of the Commonwealth, the names of such persons as shall appear to be duly elected to the office of alderman or justice of the peace; together with the name of the ward, borough, or township for which elected, the name of the person succeeded, and the cause of the vacancy; whereupon

repealed [Section 4 of the Act of March 22, 1877, P.L. 12 (Act 8)[5]]. As a result, the Court finds that [appellant's] cause of action, that is, the alleged illegal occupation of the offices of District Justices by the defendants, lacks an arguable basis in law and is therefore frivolous. Because the class action is based on the alleged illegal occupation of office, which the Court has found to be frivolous, it too is meritless.

Accordingly, on April 10, 1992, Common Pleas dismissed appellant's complaint with prejudice.

On appeal to this Court, appellant argues first, that irrespective of whether Act 577 has been repealed, appellant has clearly stated a viable cause of action. In conjunction therewith, appellant argues that as a matter of law, Act 63 did not repeal Act 577. Consequently, Common Pleas erred or abused its discretion by dismissing appellant's complaint. Appellant argues second, that even if the defendants legally held

the Governor shall commission, for the full term, such persons as shall appear to be duly elected; and no commission shall issue until the secretary of the Commonwealth has received the notice aforesaid.

*Hereafter aldermen and justices of the peace, duly elected, shall not be required to file acceptance of the office, as heretofore provided by law.*

Section 2. *All acts or parts of acts inconsistent herewith be and the same are hereby repealed.*

(Emphasis added.)

5. Sections 4 and 5 of Act 8 provide, in pertinent part:

SECTION 4. That the aldermen or justices of the peace elected under the provisions of this act, shall file an acceptance of said office with the prothonotary of the proper county, stating therein the name of the alderman or justice of the peace whom they succeed, with the cause of vacancy; and said prothonotary shall certify the same under his seal of office to the secretary to the commonwealth, whereupon the governor shall issue commission to such persons as shall appear to be duly elected, for the term of five years to be computed from the first Monday of May succeeding the election, for which said commission each person so elected an alderman or justice of the peace shall pay three dollars, to be received by the recorder of deeds of the proper county to be by him transmitted to the secretary of the commonwealth as fees for other commissions are transmitted; and the said aldermen or justices of the peace shall be by the said recorder sworn or affirmed in the manner now provided by law.

SECTION 5. All acts or parts of acts inconsistent herewith be and the same are hereby repealed.

the office of district justice, Common Pleas abused its discretion by dismissing appellant's complaint when the complaint clearly stated a viable cause of action against the defendants. Again, therefore, Common Pleas erred or abused its discretion by dismissing appellant's complaint. Appellant argues third, that in light of Article I, Section 11 of the Pennsylvania Constitution,[6] Common Pleas' policy of charging filing fees and costs so as to allow one to proceed *in forma pauperis* is unconstitutional. Moreover, as the IFP petition was not ruled on within 20 days of appellant's May 17, 1991 filing thereof, as prescribed by Pa.R.C.P. No. 240(c),[7] and as appellant's complaint could not proceed without Common Pleas' determination thereof, the complaint was reinstated several times. Consequently, there was considerable delay in the administration of justice with respect to Common Pleas' acting upon appellant's IFP petition, and in turn with the progress of appellant's cause of action. Appellant argues finally, that pursuant to

**6.** Article I, Section 11 of the Pennsylvania Constitution provides:

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

**7.** Pa.R.C.P. No. 240(c), regarding *in forma pauperis* proceedings, provides:

(c) Except as provided by subdivision (d), the party shall file a petition and an affidavit in the form prescribed by subdivision (h). The petition may not be filed prior to the commencement of an action or the taking of an appeal.
(1) If the petition is filed simultaneously with the commencement of the action or with the taking of the appeal, the prothonotary shall docket the action and petition or shall accept the appeal and petition without the payment of any filing fee. If the court shall thereafter deny the petition, the petitioner shall pay the filing fee for commencing the action or taking the appeal. A party required to pay such fee may not without leave of court take any further steps in the action or appeal so long as such fee remains unpaid.
    . . . .
(3) The court shall act promptly upon the petition and shall enter its order within twenty days from the date of the filing of the petition. If the petition is denied, in whole or in part, the court shall briefly state its reasons.

Pa.R.C.P. No. 1112,[8] either the attorney general or the district attorney for Washington County should have instituted the instant action on behalf of appellant. By not instituting the instant action, both have breached their respective duties and abused their discretion.

The issue presented on appeal is whether Common Pleas committed an error of law or abused its discretion in dismissing appellant's complaint. "When reviewing the decision of a trial court, our scope of review is limited to a determination of whether constitutional rights have been violated, or whether the trial court abused its discretion or committed an error of law." *Bronson v. Lechward,* 155 Pa.Commonwealth Ct. 206, 208, 624 A.2d 799, 801 (1993). In *Bronson,* this Court stated:

Petitions to proceed *in forma pauperis* are controlled by Pa.R.C.P. No. 240. This rule was amended, effective January 1, 1992, through the addition of Pa.R.C.P. No. 240(j), which reads as follows:

If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, *the court prior to acting upon the petition may dismiss the action, proceeding or appeal* if the allegation of poverty is untrue or *if it is satisfied that the action, proceeding or appeal is frivolous.* (Emphasis added.)

*Id.* at 209, 624 A.2d at 801.

■ In the instant matter, appellant filed his complaint and IFP petition simultaneously. Pa.R.C.P. No. 240(j) is applicable to the instant case regardless of the fact that appellant initiated his cause of action in May of 1991, since Pa.R.C.P. No. 240(j) went into effect while his cause of action was

8. Pa.R.C.P. No. 1112, provides, in pertinent part:
(a) An action brought in a court of common pleas by the Commonwealth on the relation of the Attorney General may be brought only in (1) the county where a political subdivision is located when the action is against an officer thereof....
(b) An action brought in a court of common pleas in the name of the Commonwealth on the relation of the District Attorney may be brought only in the county where the political subdivision is located when the action is against an officer thereof.

pending. *Id.* Although Pa.R.C.P. No. 240(j) contemplates dismissing appellant's case as frivolous rather than dismissing his IFP petition, Common Pleas' dismissal of appellant's complaint had the practical effect of dismissing his IFP petition. *Id.* Therefore, this Court will apply Pa.R.C.P. No. 240(j) to this appeal.

In accordance with Pa.R.C.P. No. 240(j), this Court must determine whether Common Pleas erred, when it held that appellant's complaint was frivolous. The basis of appellant's complaint is that the defendants do not legally hold the office of district justice, because each failed to file a notice of acceptance pursuant to Section 1 of Act 577.[9] A statutory review of relevant law explicitly reveals that Act 577 was repealed in part in March of 1877, by Act 8,[10] and then *in toto* in April of 1909, by Act 63.[11] Accordingly, appellant's argument is grounded in repealed law. The remainder of appellant's arguments, grounded in repealed law, are, therefore, irrelevant and need not be addressed by this Court.

In light of the above, this Court holds that because there was no legal basis to appellant's complaint, Common Pleas did not commit an error of law or abuse its discretion, when it determined that appellant's suit was frivolous. Accordingly, Common Pleas' order is affirmed.

### ORDER

AND NOW, this 5th day of April, 1994, the order of the Court of Common Pleas of Washington County in the above-captioned matter is affirmed.

---

9. See footnote 3, *supra.*
10. See footnote 5, *supra.*
11. See footnote 4, *supra.*