**Damien WILLIAMS, Appellant,**

v.

**Dr. Aladdin SYED, Joan Delie and Phillip Johnson.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 6, 2001.
Decided Aug. 23, 2001.

---

Damien Williams, appellant, pro se.

John J. Talaber, Camp Hill, for appellee.

Before GARDNER COLINS, Judge, McGINLEY, Judge and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Damien Williams (Williams) appeals from an order of the Court of Common Pleas of Allegheny County that denied his second *pro se* petition for leave to proceed *in forma pauperis* pursuant to Pa. R.C.P. No. 240(j),[1] effectively dismissing his action against the defendants, Aladdin Syed, M.D. (Dr. Syed), Chief Medical Director providing services for the State Correctional Institute (SCI) at Pittsburgh, Joan Delie, R.N.S. (Ms. Delie), Health Care Administrator of SCI at Pittsburgh, and Phillip Johnson (Mr. Johnson), Superintendent of SCI at Pittsburgh. We affirm in part and reverse in part.

In his second amended complaint, Williams alleges the following facts. When he was an inmate at SCI at Pittsburgh, he was taking the prescription drug, Midrin, for treatment of migraine headaches. Williams experienced no problems with the drug and, on December 18, 1998, he went to the infirmary for a refill. Instead of Midrin, Dr. Syed prescribed Verapamil, a cardiac drug used to treat hypertension and migraines caused by elevated blood pressure. Williams had never been treated for high blood pressure, did not request a change in his medicine, and was not told of the change.

---

1. Pa. R.C.P. No. 240(j) states:
   If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party had filed a petition for leave to proceed *in forma pauperis,* the court pri- or to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Dr. Syed did not monitor Williams' blood pressure after changing his prescription. On January 1, 1999, due to Williams' low blood pressure, he fainted, fell, and hit his back on the toilet in his cell. He was then evaluated and immediately put back on Midrin. He was also scheduled to receive therapy and was ordered a back brace.

Williams alleges that Dr. Syed negligently prescribed Verapamil when Williams sought to refill Midrin and that this negligence caused Williams to injure his back. Williams also alleges that Dr. Syed breached the duty of care to monitor his blood pressure after prescribing Verapamil and that this negligence was the proximate cause of his back injury. Williams has not been able to work since the injury and is requesting $50,000 in both compensatory and punitive damages. (Record item # 6, pp. 2–6 and 10).

Williams alleges that, although Ms. Delie had knowledge of his injuries and of his ongoing therapy, she removed his medical hold, clearing him to be transferred to SCI at Huntingdon. Williams' back injury was aggravated during the transfer and worsened while he was at SCI at Huntingdon, where he was unable to continue his physical therapy or obtain a back brace.[2] Williams also alleges that Ms. Delie owed him a duty of care to follow established rules and policies to ensure quality care for patients, including a policy to make sure the jail to which an inmate is transferred has adequate facilities to continue treatment. He alleges Ms. Delie breached this duty by medically clearing him to be transferred to a jail which she knew could not provide necessary and proper treat-ment. Williams requests $50,000 in both compensatory and punitive damages. (Record item # 6, pp. 5–7 and 10).

Williams also alleges that Mr. Johnson failed to investigate the grievance Williams filed after his injury. Williams claims that Mr. Johnson owed him a duty to protect him at all times and requests $20,000 in compensatory and punitive damages. (Record item # 6, pp. 4 and 8–9).

The trial court dismissed Williams' petition according to Pa.R.C.P. No. 240(j), stating that the case is frivolous in that Williams failed to state a claim.[3] Frivolous has been defined as lacking an arguable basis in either law or fact. *Robinson v. Pennsylvania Board of Probation and Parole*, 525 Pa. 505, 582 A.2d 857 (1990). *See also Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ On appeal to this Court,[4] Williams pleads that the trial court erred in determining that he failed to state a claim.

■ To state a *prima facie* cause of action for medical malpractice, a plaintiff must allege that (1) the physician owed a duty to the patient; (2) the physician breached that duty; (3) the breach was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient; and (4) the damages suffered by the patient were the direct result of that harm. *Billman v. Saylor*, 761 A.2d 1208 (Pa.Super.2000). Similarly, to state a *prima facie* cause of action for negligence, a plaintiff must allege (1) a legal duty or obligation to conform to a certain standard

---

2. On July 5, 2000, he was transferred to SCI at Greene where he resumed therapy and received a back brace.

3. The trial court issued no written opinion.

4. When reviewing a trial court's denial of an *in forma pauperis* petition, this court is limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law. *Thomas v.. Holtz*, 707 A.2d 569 (Pa.Cmwlth.1998).

of conduct; (2) a failure to conform to that standard; (3) a reasonably close causal connection between the conduct and resulting injury; and (4) actual damage or loss. *Wareham v. Jeffes,* 129 Pa.Cmwlth. 124, 564 A.2d 1314 (1989).

In *Bronson v. Lechward,* 155 Pa. Cmwlth. 206, 624 A.2d 799 (1993), an inmate at SCI at Pittsburgh filed a *pro se* complaint simultaneous with a petition for leave to proceed *in forma pauperis,* alleging that Department of Corrections employees deprived him of due process and violated his civil rights, as guaranteed by Article I, Section 26 of the Pennsylvania Constitution, by failing to interview him after thirty days in disciplinary custody as required by an administrative directive of the Department. The trial court dismissed Bronson's complaint after determining it to be frivolous because the Commonwealth employees were immune from suit.

On appeal, the *Bronson* court discussed *Fischer v. Department of Public Welfare,* 509 Pa. 293, 502 A.2d 114 (1985), in which the Pennsylvania Supreme Court held that a person has a cause of action under Section 26 of Article I only when he has been penalized for exercising a constitutional right. As the inmate had averred that he was deprived of, not penalized for the exercise of, his constitutional rights, the *Bronson* court held that he had failed to state a required element to his claim under Article I, Section 26. In addition, as the inmate failed to allege that the employees acted outside the scope of their employment or that their actions fit into any of the exceptions to sovereign immunity, the *Bronson* court upheld the trial court's determination that the employees were immune from suit. Concurring that no legal basis for the inmate's complaint was pro-

vided, the *Bronson* court affirmed the trial court's decision that the suit was frivolous.

Similarly, in *Thomas,* an inmate at SCI at Huntingdon sued correctional officers for confiscating and destroying magazines he kept in excess of the permitted limit. The inmate claimed that his rights under Article I, Sections 1, 8, 9, 10, and 26 of the Pennsylvania Constitution were violated because the magazines were destroyed without a due process hearing. The trial court denied the request to proceed *in forma pauperis* filed by the inmate, holding that he did not make any rational argument in fact or in law entitling him to relief. The *Thomas* court reviewed the provisions of Sections 1, 8, 9, and 10 of Article I and concluded that no allegations in the complaint suggested a violation of these provisions. Additionally, the *Thomas* court held that under *Bronson,* the inmate's claim under Section 26 of Article I was frivolous in that he failed to allege that he had been penalized for exercising a constitutional right, that the actions of the correction officers were outside the scope of their employment, or that their actions would fit into any exception to sovereign immunity.

■ In contrast to the pleadings in *Bronson* and *Thomas,* Williams' complaint sets forth the necessary elements for *prima facie* causes of action against Dr. Syed and Ms. Delie. In his claims against Dr. Syed, Williams alleges that Dr. Syed was negligent in prescribing Verapamil instead of Midrin and that the new medication caused his back injury. Williams also alleges that Dr. Syed had a duty to monitor his blood pressure and that Dr. Syed's negligent failure to do so caused him injury. As all of the elements of medical malpractice are alleged and facts are stated which could support them, Williams has not failed to state a claim against Dr.

Syed.[5]

In Williams' claim against Ms. Delie, he alleges that she owed him a duty to make sure the jail to which he was transferred had adequate facilities to continue his treatment and that her negligence caused him further injury. While causation is not pleaded by name, it may be reasonably inferred from the allegations pleaded that she caused him damage.[6] As all of the elements of negligence are alleged and facts are stated which could support them, Williams has not failed to state a claim against Ms. Delie.

In his claim against Mr. Johnson, however, Williams only alleges that Mr. Johnson owed him a general duty of care and that he failed to investigate the injury after the grievance was filed. Williams alleges no facts suggesting a causal relationship between the alleged negligence and the injury. It is clear, therefore, that Williams has failed to state a claim against Mr. Johnson.

Even if a cause of action has been made out against the defendants, the complaint will still fail to state a claim if the defendants are entitled to sovereign immunity. The test to determine if a Commonwealth employee is protected from liability is to consider "whether the Commonwealth employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity." *La Frankie v. Mik-*

lich, 152 Pa.Cmwlth. 163, 618 A.2d 1145, 1149 (1992).

The exceptions to sovereign immunity are set forth in Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522, which states in pertinent part:

(b) Acts which may impose liability.—
The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

(2) Medical-professional liability.—Acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel.

We believe that the exception applies to this case. In *Wareham,* an inmate at SCI at Pittsburgh filed a suit against the chief health care administrator of the prison infirmary and other defendants that included a negligence claim for inadequate medical treatment. The jury found for the inmate on this claim and awarded damages of $260,000 against the health care administrator. The trial court denied the defendants' post trial motion for summary judgment on the issue of sovereign immunity, but granted the defendants' post trial motion for judgment n.o.v., holding that the inmate failed to establish all the elements of his negligence claim.

On appeal, the *Wareham* court reversed the order granting judgment n.o.v., stating that the testimony and other evidence had provided a sufficient basis for all the ele-

---

**5.** *See, e.g., Rittenhouse v. Hanks,* 777 A.2d 1113 (Pa.Super. 2001), and *Stack v. Wapner,* 244 Pa.Super. 278, 368 A.2d 292 (1976), where patients successfully sued physicians for their negligent failure to monitor the patients after administering certain drugs.

**6.** Where the elements to a cause of action are adequately set forth, a *pro se* complaint will not be dismissed just because it is not artfully drafted. *Hill v. Thorne,* 430 Pa.Super. 551, 635 A.2d 186 (1993).

ments of negligence. Next, the *Wareham* court addressed the defendants' contention that the medical exception to sovereign immunity did not apply to them. The defendants relied on *Steinberg v. Department of Public Welfare,* 46 Pa.Cmwlth. 105, 405 A.2d 1135 (1979), which held that a youth detention center was not a medical facility or institution within the meaning of the exception to sovereign immunity because its purpose was the rehabilitation of minors. The defendants argued that SCI at Pittsburgh is similar to a youth detention center and should also not fall within the exception. In addition, the defendants contended that they are not health care employees within the meaning of the exception.

While the *Wareham* court agreed that a prison is similar to a detention center, they noted that the function of the prison infirmary clearly is to deliver medical care to the inmates and is therefore distinguishable from the prison as a whole and that the function of the health care administrator encompasses the providing of health care services. The *Wareham* court, therefore, affirmed the trial court's denial of the defendants' motion for summary judgment on the issue of sovereign immunity, holding that a prison infirmary is properly classified as a medical facility and that a prison health care administrator is properly classified as a health care employee within the meaning of the medical professional liability exception to sovereign immunity.

■ Applying this law, we find that Dr. Syed has no privilege to claim sovereign immunity as a defense. This is because, as the Chief Medical Director of SCI at Pittsburgh, he either falls within the medical professional liability exception to sovereign immunity or, as a third party contractor (as stated in the defendants' brief), is not a Commonwealth employee. Ms. Delie is a Commonwealth employee but, as Health Care Administrator, falls within the medical professional liability exception to sovereign immunity. Immunity is, therefore, not a defense available for Ms. Delie either.

■ Finally, we find that the claims for punitive damages must fail. "Neither mere negligence, nor even gross negligence, shows sufficient culpability to justify a punitive damage award." *Castetter v. Mr. B Storage,* 699 A.2d 1268, 1271–72, (Pa.Super.1997). Assessment of punitive damages is proper "only in cases of outrageous behavior, where defendant's egregious conduct shows either an evil motive or reckless indifference to the rights of others." *Bannar v. Miller,* 701 A.2d 232, 242 (Pa.Super.1997). As no such behavior is averred, Williams has failed to state a claim for punitive damages.

Accordingly, we affirm the trial court's decision as to the claims against Mr. Johnson and for punitive damages as they lack an arguable basis in either law or fact and are, therefore, frivolous. Although we intimate no view on the merits of Williams' remaining allegations, we conclude that he has not failed to state a claim against Dr. Syed and Ms. Delie. Accordingly, we reverse the trial court's order regarding the dismissal of the claims against Dr. Syed and Ms. Delie and remand the matter for further proceedings.

### *ORDER*

NOW, *August 23, 2001,* the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed in part and reversed in part in accordance with the foregoing opinion. The matter is remanded for further proceedings.

Jurisdiction relinquished.