IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwin Laramy,                                    :
                                                 :
                              Appellant          :
                                                 :
                    v.                           : No. 928 C.D. 2018
                                                 : Submitted: May 10, 2019
Superintendent Mark Garman;                      :
Deputy Gerald McMahon; Captain                   :
James Sutton; Ms. Sharon Clark,                  :
Unit Manager B Unit; Sargent                     :
Packard; and CO1 R. Rightnour                    :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                  FILED:  February 12, 2020


        Edwin Laramy (Laramy), proceeding *pro se*, appeals the order of the
Court of Common Pleas of Centre County (trial court) denying Laramy's petition
to proceed *in forma pauperis* (IFP) and dismissing his complaint as frivolous
pursuant to Pennsylvania Rule of Civil Procedure No. 240(j)(1), Pa. R.C.P. No.
240(j)(1) (Rule 240(j)(1)).  On appeal, Laramy argues that the trial court erred or
abused its discretion by dismissing his negligence claims against employees of the
Department of Corrections (Department), *sua sponte*.  Discerning no error, we
affirm.

Laramy is an inmate at the State Correctional Institution at Rockview (SCI-Rockview). On February 8, 2018, Laramy filed his complaint in the trial court against Department employees identified as Superintendent Mark Garman; Deputy Gerald McMahon; Captain James Sutton; Ms. Sharon Clark, Unit Manager B Unit; Sergeant Packard; and Corrections Officer 1 R. Rightnour (Rightnour) (collectively, Defendants), who at the times relevant to this matter were employed at SCI-Rockview. Laramy also filed an IFP petition, along with a verified statement.

In the complaint, Laramy pled three negligence counts: Count I - negligence, Count II - negligence by vicarious liability, and Count III - negligent infliction of emotional distress. In support, Laramy alleged that Rightnour falsely accused him of an infraction, which resulted in Laramy receiving a misconduct report. Original Record (O.R.), Complaint, ¶¶17, 19. Laramy also alleged that he suffers from known mental health issues and that a higher duty of care is owed to him in his custodial care and treatment. *Id.*, ¶¶16-18. He asserted that the other named Defendants, who are Rightnour's supervisors, were liable for Rightnour's actions by vicarious liability under the theory of respondeat superior. *Id.*, ¶¶22-32. He avers that Defendants' negligent conduct caused him emotional distress by subjecting him to a false misconduct report and attendant punishment. *Id.*, ¶¶33-38. He requested compensatory damages in excess of $1 million dollars. *Id.*, ¶42.

By opinion and order dated February 21, 2018, the trial court, *sua sponte*, denied Laramy's IFP petition and dismissed his complaint pursuant to Rule 240(j)(1). The trial court determined that Laramy's negligence claims were frivolous and without merit. The trial court opined that Laramy's claims against Defendants were for actions within the course and scope of their employment

2

duties, and Defendants were shielded by the doctrine of sovereign immunity. Trial Court Op., 2/21/18, at 1 (citing Section 8522(b) of the Judicial Code, 42 Pa. C.S. §8522(b)). Laramy appealed.[1,2]

In this appeal,[3] Laramy contends that the trial court erred by dismissing his complaint against Defendants as frivolous and denying his IFP petition. Laramy argues that the trial court abused its discretion and erred by acting *sua sponte* when Defendants did not raise immunity as an affirmative defense.

Rule 240(j)(1) governs the procedure by which a person who is without the financial resources to pay the costs of litigation may proceed IFP. Pa. R.C.P. No. 240(j)(1);[4] *Ocasio v. Prison Health Services*, 979 A.2d 352, 354 (Pa.

---

[1] Laramy filed his appeal with the Superior Court, which transferred the matter to this Court.

[2] The trial court directed Laramy to file a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b). In response to Laramy's timely filed statement, the trial court issued an opinion in accordance with Rule 1925(a), in which it maintained that its February 21, 2018 opinion and order were correct and that no further opinion was necessary.

[3] Our review of a denial of an IFP application and dismissal of a complaint as frivolous pursuant to Rule 240(j)(1) is limited to determining whether constitutional rights were violated and whether the trial court abused its discretion or committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

[4] Specifically, Rule 240(j)(1) provides:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed [IFP], the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

**(Footnote continued on next page…)**

Super. 2009). Rule 240(j)(1) permits a court to dismiss a frivolous action when an IFP petition is simultaneously filed. A frivolous action has been defined as one that "lacks an arguable basis in law or fact." *Note* to Pa. R.C.P. No. 240(j) (quoting *Neitzke v. Williams*, 490 U.S. 319 (1989)). Stated differently, a frivolous action fails to state a valid cause of action on its face. *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997). When a claim is made against persons who are immune from suit, said action is without legal basis and may be dismissed *sua sponte* pursuant to Rule 240(j)(1). *Williams v. Stickman*, 917 A.2d 915, 917 (Pa. Cmwlth. 2007).

"[T]he Commonwealth, and its officials and *employees acting within the scope of their duties, shall continue to enjoy sovereign immunity* and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." Section 2310 of Title 1 of the Pennsylvania Consolidated Statutes, 1 Pa. C.S. §2310 (emphasis added). Pursuant to this authority, the General Assembly has, in limited circumstances, waived sovereign immunity as a bar to an action against Commonwealth parties for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury was caused by a person not having available the defense of sovereign immunity. Section 8522(a) of the Judicial Code, 42 Pa. C.S. §8522(a).

Specifically, the General Assembly has waived sovereign immunity for negligent acts related to: (1) vehicle liability; (2) medical-professional liability;

---

**(continued…)**

Pa. R.C.P. No. 240(j)(1).

4

(3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa. C.S. §8522(b). Unless the negligent act falls within one of the enumerated exceptions, "sovereign immunity protects Commonwealth officials and employees acting within the scope of their duties from civil liability." *Kull v. Guisse*, 81 A.3d 148, 154 (Pa. Cmwlth. 2013) (citing 1 Pa. C.S. §2310).

> In essence,
>
> > the test to determine if a Commonwealth employee is protected from liability is to consider "[(1)] whether the Commonwealth employee was acting within the scope of his or her employment; [(2)] whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and [(3)] whether the act fits within one of the nine exceptions to sovereign immunity."

*Williams v. Syed*, 782 A.2d 1090, 1095 (Pa. Cmwlth. 2001) (quoting *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992)).

With the foregoing principles in mind, we examine Laramy's complaint. Laramy's negligence claim against Rightnour is based on Rightnour's misconduct report. Complaint, ¶4. According to Rightnour's report, she observed Laramy using the telephone without permission; she directed Laramy to return to his cell; Laramy loitered; and when Rightnour again directed him to return to his cell, Laramy said "f--- you, write me up." *Id.* Laramy claims that he does not have any phone numbers authorized on his account, which would make utilizing the telephone system an impossibility. He claims that Rightnour "falsified a misconduct report" and, in the process, violated a duty of care owed to him. *Id.*,

5

¶17.  His vicarious negligence claim against the other Defendants is based on their supervision of Rightnour and their awareness of her conduct. *Id., ¶¶21-32.*  His negligent infliction of emotional distress claim is based on the foregoing acts. *Id.,* ¶¶38.

Laramy does not allege that Defendants acted outside the scope of their employment.  In fact, there are no facts to suggest that Rightnour or the other Defendants were not acting within the scope of their employment duties at SCI-Rockview.  The alleged acts forming the basis of Laramy's complaint include Rightnour's act of issuing a misconduct and her supervisors' supervision of her.  The acts occurred at SCI-Rockview during routine hours of employment.  Such acts clearly fall within the day-to-day administration of prisoners and further the Department's interests of maintaining orderly behavior. *See Thomas v. Holtz*, 707 A.2d 569, 571 (Pa. Cmwlth. 1998).  Thus, Defendants were entitled to sovereign immunity, unless the alleged negligent acts fit within one of the enumerated exceptions. *See* 1 Pa. C.S. §2310; *Kull*, 81 A.3d at 154; *see also Bronson v. Lechward*, 624 A.2d 799, 801-02 (Pa. Cmwlth. 1993) (affirming denial of IFP petition where plaintiff failed to aver that defendant Commonwealth employees were acting outside the scope of their authority).

Laramy's negligence claims do not fit within any of the aforementioned exceptions to sovereign immunity. *See* 42 Pa. C.S. §8522(b). Laramy's claims do not involve a vehicle, medical treatment, personal property, real estate, animals, liquor sales, the National Guard or vaccinations. *See id.* Rather, Laramy's claims are based on an alleged falsified misconduct report for which an adequate administrative remedy exists through the Department's grievance procedure. *See* Section 93.10(b)(6) of the Department's regulations, 37

6

Pa. Code §93.10(b)(6); *Mueller v. Pennsylvania State Police Headquarters*, 532 A.2d 900, 904 (Pa. Cmwlth. 1987) (Department's regulations provide an adequate administrative appeal process to challenge inmate discipline).[5]

In sum, Defendants were acting within the scope of their duties and were protected by sovereign immunity. Laramy failed to state a cognizable negligence claim against them within one of the exceptions to sovereign immunity. Upon review, the trial court did not err in denying Laramy's IFP petition and dismissing his complaint as frivolous pursuant to its authority under Rule 240(j)(1).

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

---

[5] Laramy filed a grievance challenging the misconduct report through the Department's administrative appeal process and received a hearing. *See* Complaint, ¶¶5-9. However, according to Defendants, Laramy did not grieve the discipline through the final decision-making phase. *See* Appellees' Brief at 3.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwin Laramy,                                 :
                                              :
                    Appellant                 :
                                              :
          v.                                  :  No. 928 C.D. 2018
                                              :
Superintendent Mark Garman;                   :
Deputy Gerald McMahon; Captain                :
James Sutton; Ms. Sharon Clark,               :
Unit Manager B Unit; Sargent                  :
Packard; and CO1 R. Rightnour                 :


# **O R D E R**


AND NOW, this 12th day of February, 2020, the order of the Court of Common Pleas of Centre County dated February 21, 2018, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge