IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glue Wilkins,       :
    Appellant    :
           :
    v.       :  No. 474 C.D. 2024
           :  Submitted: April 8, 2025
Attorney Ryan H. Lysaght  :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM        FILED: June 17, 2025

Glue Wilkins (Wilkins), *pro se*, appeals an order of the Court of Common Pleas of Dauphin County (trial court) dismissing his civil complaint as frivolous under Pennsylvania Rule of Civil Procedure 240(j)(1). Pa.R.Civ.P. 240(j)(1). On appeal, Wilkins argues that his complaint for damages and injunctive relief stated a legally cognizable claim against Ryan H. Lysaght (Lysaght), Deputy District Attorney for Dauphin County, who represented the Commonwealth of Pennsylvania in several Post Conviction Relief Act (PCRA)[1] proceedings initiated by Wilkins. Upon review, we affirm.

In 2003, Wilkins was convicted of attempted murder and other offenses for which he was sentenced to 12 to 24 years' imprisonment. The conviction is recorded at Dauphin County Court of Common Pleas, Case No. CP-22-CR-3382-2002. Wilkins appealed to the Pennsylvania Superior Court, which affirmed his conviction. *See Commonwealth v. Wilkins*, 897 A.2d 524 (Pa. Super. 2006). The Pennsylvania Supreme Court denied his petition for allowance of appeal. *See*

---

[1] 42 Pa. C.S. §§9541-9546.

*Commonwealth v. Wilkins*, 902 A.2d 1241 (Pa. 2006). Thereafter, Wilkins filed numerous PCRA petitions, each of which has been denied.

On August 2, 2006, Wilkins filed a PCRA petition that raised multiple issues, including a challenge to the victim's medical records that were admitted in his criminal prosecution for attempted murder. Concluding that the medical records were properly admitted, Wilkins' counsel was granted permission to withdraw from his representation of Wilkins. The PCRA petition was denied, and Wilkins' appeal was dismissed by the Superior Court for failure to comply with the briefing schedule. The Supreme Court denied his request for allowance of appeal.

In 2015, Wilkins entered a plea of *nolo contendere* to barratry[2] and was sentenced to 12 months' probation consecutive to his sentence for attempted murder. *See Commonwealth v. Wilkins*, No. CP-22-CR-1235-2015 (C.P. Dauph. Co.). The court ordered Wilkins to "refrain from engaging in vexatious lawsuits." *Commonwealth v. Wilkins* (Pa. Super., No. 15 WDA 2021, filed July 1, 2021), slip op. at 3. Wilkins appealed, but it was dismissed because he filed a defective brief. *See Commonwealth v. Wilkins* (Pa. Super., No. 1877 MDA 2015, filed June 6, 2016). The Pennsylvania Supreme Court denied his petition for allowance of appeal. *See Commonwealth v. Wilkins*, 169 A.3d 6 (Pa. 2017).

In December of 2023, Wilkins initiated the instant civil action against Lysaght. The complaint alleges, in relevant part, as follows:

> 3.) Attorney Lysaght . . . *knowingly, intentionally deliberately -- AND with the intent to mislead* filed an INCOMPLETE {case history} **'APPELLEE BRIEF'** in THE SUPERIOR COURT OF PENNSYLVANIA {*Commonwealth v. Glue Wilkins*, 939 MDA 2023} on **November 7, 2023**.

---

[2] A person commits the offense of barratry if he "vexes others with unjust and vexatious suits." 18 Pa. C.S. §5109.

> 4.) THE SUPERIOR COURT in **MEMORANDUM**, 978 A.2d 524, 459 MDA 2005 (2006), <u>ORDERED/DIRECTED</u> that the Lower Court a.) DOCKET/FILE the "*stipulated*" 'exculpatory' MEDICAL REPORT (*Commonwealth's* **Exhibit #18**); and b.) convene an **EVIDENTIARY HEARING** on said MEDICAL REPORT – and file a Lower Court **OPINION**. <u>The 12th Judicial District has failed to comply.</u>

Original Record, Item No. 2, Complaint ¶¶3-4 (emphasis in original). Wilkins' complaint seeks compensatory and punitive damages; a declaration that the trial court failed to comply with a prior order of the Superior Court; and an injunction directing the victim's medical report to be docketed in the record of his criminal conviction for attempted murder. Wilkins also filed a petition to proceed *in forma pauperis*. Original Record, Item No. 3.

On January 8, 2024, the trial court dismissed Wilkins' complaint as frivolous pursuant to Pa.R.Civ.P. 240(j)(1). Wilkins appealed.[3] Thereafter, the trial court issued an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). PA.R.A.P. 1925(a).

The trial court first addressed Wilkins' claim regarding the admission of the victim's medical records in his trial for attempted murder. The trial court noted that it is Wilkins' theory that the victim's testimony at trial was inconsistent with the information recited in those records. Wilkins raised this issue in his conviction appeal to the Superior Court, which "reviewed the portion of the victim's testimony at issue and conclude[d] that, to the extent there existed inconsistencies between the medical report and the victim's testimony, the jury was free to resolve the inconsistencies." Trial Court Pa.R.A.P. 1925(a) Op. at 5 (quoting

---

[3] Wilkins appealed to the Superior Court, which transferred the appeal to this Court in accordance with 42 Pa. C.S. §761(a)(1).

3

*Commonwealth v. Wilkins* (Pa. Super., No. 459 MDA 2005, filed February 13, 2006)).[4]

In 2015, Wilkins was convicted of barratry and sentenced to probation. In his appeal of that conviction, Wilkins again argued that the victim's medical records should not have been admitted in his trial for attempted murder. Most recently, Wilkins argued that on August 18, 2022, Wilkins filed another PCRA petition, in which he challenged the trial court's failure to conduct an evidentiary hearing on whether the victim's medical records should have been admitted in his criminal trial for attempted murder.

Based on this summary, the trial court concluded that Wilkins' claim to have been wrongly convicted for attempted murder and barratry have been fully litigated to final appeal. Wilkins' conviction for attempted murder became final in 2006, and his conviction for barratry became final in 2017. All of Wilkins' PCRA petitions have been denied or dismissed. Accordingly, Wilkins' claim of wrongful conviction was frivolous.

The trial court next addressed Wilkins' claim that Lysaght filed a deficient brief to the Superior Court in *Commonwealth v. Wilkins* (Pa. Super., No. 939 MDA 2023, filed March 18, 2024) because that brief did not address whether the victim's medical records had been improperly admitted in Wilkins' attempted murder trial. However, it was clear that the record submitted to the Superior Court for the appeal of his attempted murder conviction included those medical records because the Superior Court referred to them in its opinion denying Wilkins' appeal.

---

[4] In that appeal, Wilkins also argued that his trial attorney had been ineffective by stipulating to the admission of the victim's medical records, which the Superior Court rejected as premature. Thereafter, Wilkins raised the issue of ineffective counsel in the PCRA petition filed on August 2, 2006.

Finally, the trial court addressed Wilkins' third issue, *i.e.*, that the order of the Superior Court was not followed by the trial court. Wilkins believes that the Superior Court ordered the trial court to docket the medical records. However, the trial court explained that the Superior Court did not, and could not, issue such an order because the medical records were already part of the record of his criminal prosecution for attempted murder.

On appeal,[5] Wilkins raises three issues.

(1) Whether Attorney Lysaght knowingly, deliberately, and intentionally submitted an <u>incomplete</u> record to the Superior Court of Pennsylvania [939 MDA 2023] is legally actionable?

(2) Whether Attorney Lysaght's failure to comply with <u>Order/Direction</u> of the Superior Court of Pennsylvania [459 MDA 2005] to complete the record is legally actionable?

(3) Whether Attorney Lysaght's request to the Superior Court of Pennsylvania [939 MDA 2023] to <u>deny</u> the appellant, who [is] illegally incarcerated in the Commonwealth, his legal '*right*' to appellate procedure and 'access to the courts' is legally actionable?

Wilkins Brief at 5 (emphasis in original). Essentially, Wilkins contends that the trial court erred for the stated reason that his complaint states a legally cognizable claim against Lysaght.

Under Pennsylvania Rule of Civil Procedure 240(j)(1), a court may dismiss a complaint for the following reasons:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if

---

[5] Our review determines whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.2 (Pa. Cmwlth. 2015).

the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. 240(j)(1). "Frivolous has been defined as lacking an arguable basis either in law or fact." *Williams v. Syed*, 782 A.2d 1090, 1093 (Pa. Cmwlth. 2001); *see also* Pa.R.Civ.P. 240(j)(1), Note. Under Rule 240(j)(1), an action is frivolous if, on its face, it does not set forth a valid cause of action. *Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015). With these principles in mind, we consider whether the trial court erred in concluding that Wilkins' complaint was frivolous.

In his first issue, Wilkins contends that Lysaght filed an incomplete record with the Superior Court in the matter *Commonwealth v. Wilkins* (Pa. Super., No. 939 MDA 2023, filed March 18, 2024).[6] During his criminal trial for attempted murder, the victim's medical records were entered into evidence upon stipulation by his trial attorney and counsel for the Commonwealth. However, Wilkins claims that the medical records were not in the record of that criminal trial.

Lysaght responds that any issues related to the completeness of the record had to be raised to the Superior Court in his appeal of the conviction. We agree. In any case, as found by the trial court, the victim's medical records were part of the original record and were reviewed by the Superior Court in Wilkins' direct appeal of his conviction for attempted murder. *See Wilkins v. Chardo* (Pa. Super., No. 99 MDA 2015, filed October 19, 2015), slip op. at 5 n.5 (victim's medical report referenced in disposing of Wilkins' conviction appeal).

Wilkins further asserts that he is "serving an illegal sentence of six (6) to twelve (12) years for [f]elony 3 [t]heft of a [m]otor [v]ehicle." Wilkins Brief at

---

[6] In that matter, Wilkins appealed the trial court's decision dismissing his PCRA petition as untimely. The Superior Court affirmed the trial court's decision. Wilkins petitioned the Supreme Court for allowance of appeal, which it denied. *See Commonwealth v. Wilkins* (Pa., No. 400 MAL 2024, filed February 10, 2025).

6

12. Relying upon *Commonwealth v. McGee*, 302 A.3d 659, 663 (Pa. 2023), Wilkins argues that the trial court had the authority to correct patent and obvious errors "despite the absence of traditional jurisdiction."[7] However, claims by persons that they did not commit a crime and are "serving illegal sentences" are governed by statute. 42 Pa. C.S. §9542. PCRA petitions are the "sole means of obtaining collateral relief and encompass[] all other common law and statutory remedies for the same purpose[.]" *Id*. Wilkins' claim that the record of his criminal trial is incomplete is belied by the holdings of the Superior Court. Even so, such a challenge cannot be raised in a common law proceeding; it is governed by statute. We reject Wilkins' first issue on appeal.

In his next issue, Wilkins argues that the trial court failed to comply with an order of the Superior Court to docket the stipulated medical records and conduct an evidentiary hearing. As the trial court explained, the medical records were reviewed by the Superior Court as part of Wilkins' direct appeal of his conviction. *See* Trial Court Pa.R.A.P. 1925(a) Op. at 5 (citing *Commonwealth v. Wilkins* (Pa. Super., No. 459 MDA 2005, filed February 13, 2006)). Simply, the Superior Court did not direct the trial court to conduct an evidentiary hearing on the medical records, and we reject Wilkins' second issue on appeal.

In his third issue, Wilkins argues that in *Commonwealth v. Wilkins* (Pa. Super., No. 939 MDA 2023, filed March 18, 2024), Lysaght's brief requested that

---

[7] In *McGee*, the Supreme Court held that there was no patent error. It did not "reach the question of whether a trial court's inherent authority to correct patent and obvious errors in the record is subject to the time limitations in the PCRA." *McGee*, 302 A.3d at 670. Wilkins' reliance on *McGee* is not persuasive.

Additionally, Wilkins' claim of a patent and obvious error is unavailing. A patent and obvious error is one that is, as the title implies, obvious. Here, there is no obvious error. To the contrary, on direct appeal and in subsequent PCRA proceedings, his convictions have been affirmed.

Wilkins be required to obtain permission before filing any other papers with the court. Wilkins argues that the request has effectively denied him access to the courts and his appellate rights.

On February 21, 2024, Wilkins filed an application for stay with the Superior Court, contending that the record of his attempted murder trial was incomplete and seeking a stay to complete the record. *Commonwealth v. Wilkins* (Pa. Super., No. 939 MDA 2023, filed February 21, 2024). Lysaght did not file an answer to the application. On February 23, 2024, the Superior Court denied Wilkins' motion, stating that

> in light of [Wilkins'] established pattern of submitting an inordinate number of prolix filings in the trial court and this Court, it is hereby ordered that, for the sake of judicial economy, [*Wilkins] is precluded from filing further applications in this Court prior to the disposition of his appeal*. . . . Thereafter, if aggrieved by this Court's ruling, [Wilkins] may seek reargument in accordance with Pa.R.A.P. 2541-2544. No other applications will be entertained in connection with the instant appeal.

*Commonwealth v. Wilkins* (Pa. Super., No. 939 MDA 2023, filed February 23, 2024) (citation omitted) (emphasis added). The Superior Court's order was limited to the appeal pending before it. As such, it did not deny Wilkins' access to the courts or prevent him from pursuing an appeal of the Superior Court order of February 23, 2024. We reject Wilkins' third issue on appeal.

On its face, Wilkins' complaint does not state a legally cognizable claim against Lysaght. Accordingly, we affirm the trial court's order dismissing Wilkins' complaint as frivolous pursuant to Pa.R.Civ.P. 240(j)(1).[8]

---

[8] Wilkins filed a "Motion for Immediate Remand," a "Motion for More Definitive Statement," and a "Motion for Judicial Notice that Lower Court 'Granted' Appellant's PCRA Motions." These motions are denied.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glue Wilkins,  :
         Appellant  :
  :
      v.  :    No. 474 C.D. 2024
  :
Attorney Ryan H. Lysaght  :


PER CURIAM

# **O R D E R**


AND NOW, this 17th day of June, 2025, the order of the Court of Common Pleas of Dauphin County, dated January 8, 2024, is AFFIRMED.

Additionally, Glue Wilkins' "Motion for Immediate Remand," "Motion for More Definitive Statement," and "Motion for Judicial Notice that Lower Court 'Granted' Appellant's PCRA Motions" are DENIED.