609 A.2d 567

John KELLER, Appellant,

v.

Karen F. KINSLEY, a/k/a Karen F. Irwin, a/k/a Karen F. Balough, a/k/a Karen F. Casto, a/k/a Karen F. Perry, a/k/a Karen F. Skocz, Appellee.

Superior Court of Pennsylvania.

Submitted Feb. 10, 1992.

Filed June 26, 1992.

John Keller, appellant, pro se.

Karen Kinsley, appellee, pro se.

Before DEL SOLE, TAMILIA and HESTER, JJ.

DEL SOLE, Judge:

This is an appeal from an order denying Appellant's request for permission to proceed *in forma pauperis.* After a jury trial, Appellant was convicted of involuntary deviate sexual intercourse, unlawful restraint, and indecent assault and was sentenced to serve a term of not less than six and one-half years nor more than twenty years at the State Correctional Institution in Pittsburgh, Pennsylvania.

Following his conviction, Appellant filed a Petition to proceed *in forma pauperis,* in a civil proceeding, which was denied based upon the trial court's conclusion that the

claims raised in Appellant's complaint were a direct collateral attack on Appellant's criminal conviction and thus could not be properly raised in a civil suit. Appellant filed a Motion requesting that the trial court vacate its order. The motion was denied. Appellant then filed a *pro se* appeal to this court and the trial court accordingly ordered that Appellant could proceed, for the purpose of the current appeal, *in forma pauperis.*

■ In its opinion, the trial court did not expressly state that it dismissed Appellant's complaint. However, since the court's decision to deny Appellant's request to proceed *in forma pauperis* was based on its belief that the claims set forth in Appellant's complaint were frivolous, the trial court, in effect, dismissed Appellant's complaint. In *Motheral v. Burkhart,* 400 Pa.Super. 408, 583 A.2d 1180 (1990) (*en banc*), this court stressed the importance of examining the practical effects of an order.

> Our Supreme Court has "variously defined a final order as one which ends the litigation, or alternatively disposes of the entire case. Conversely phrased, an order is interlocutory and not final unless it effectively puts the litigant 'out of court.'" [*Fried v. Fried*], 509 Pa. [89] at 93–94, 501 A.2d [89] at 213 [quoting *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 337, 372 A.2d 721, 724 (1977)] (additional citations omitted). Whether an order is final and appealable is a judicial determination which cannot be made without an examination of the order's practical ramifications. *Pennsylvania Turnpike Commission v. Atlantic Richfield Company,* 482 Pa. 615, 618, 394 A.2d 491, 493 (1978) [quoting *Bell v. Beneficial Consumer Co.,* 465 Pa. 225, 228, 348 A.2d 734, 735 (1975)].

*Motheral v. Burkhardt,* 400 Pa.Super. 408, 414, 583 A.2d 1180, 1184 (1990) (*en banc*). The trial court's decision to deny Appellant's petition to proceed *in forma pauperis* had the practical effect of dismissing Appellant's complaint. Therefore, we conclude that the current appeal from the order denying the petition is properly before this court.

█ Through this appeal, Appellant alleges that the trial court abused its discretion by denying Appellant's *in forma pauperis* petition. Appellant also argues that the court's conclusion, that Appellant was attempting to directly collaterally attack his conviction through means of the present action, was erroneous. We find no merit in Appellant's claims and accordingly affirm the order of the trial court.

It is clear from our review of the record, that the major contention raised in Appellant's complaint is that he was unjustly convicted. He asserts that his incarceration is a direct result of Appellee's false allegations. In addition to requesting that the court award him One Hundred Twenty Thousand Dollars ($120,000.00) in damages, Appellant requests that the court also award him a new jury trial and any other relief that it "may deem just, proper, and equitable."

It is apparent, from the allegations contained in his complaint and from the type of relief that he has requested, that Appellant, is attempting to collaterally attack his criminal conviction through means of a civil action. Having reviewed the record for the purpose of determining whether the trial court abused its discretion or committed an error of law, we conclude that the trial court's opinion is well founded in both law and fact. The trial court correctly held that the Post–Conviction Relief Act, 42 Pa.C.S.A. § 9542 is the only means by which Appellant could collaterally attack his conviction.

### § 9542. Scope of subchapter

This subchapter provides for an action by which persons convicted of crimes they did not commit or serving unlawful sentences may obtain collateral relief and for an action by which persons can raise claims which are properly a basis for Federal habeas corpus relief. The action established in this subchapter shall be the *sole* means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose

that exist when this subchapter takes effect, including habeas corpus and coram nobis. (emphasis added).

42 Pa.C.S.A. § 9542.

The trial court, having concluded that Appellant's claim was improperly raised in a civil action, addressed the importance of allowing individuals to proceed *in forma pauperis.* It stressed the importance of providing free access to the courts to those individuals who are not able to afford the costs of suit, but the court noted that that sort of relief is available only to those individuals who may have a valid cause of action.

Subsection (b) of Rule 240 of the Pennsylvania Rules of Civil Procedure states that:

A party who is without the financial resources to pay the costs of litigation is entitled to proceed in forma pauperis.

Pa.R.C.P. No. 240(b). This rule was recently amended through the addition of subsection (j) which became effective on January 1, 1992. This new subsection compels courts to avoid granting *in forma pauperis* status to litigants who fail to present a valid cause of action.

(j) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party filed a petition for leave to proceed in forma pauperis, the court prior to acting on the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. No. 240(j).

Even though Pa.R.C.P. No. 240(j) went into effect while the current appeal was pending, it is applicable. Pa.R.C.P. No. 52 expressly provides that amendments to Rules of Civil Procedure, unless otherwise stated, "shall apply to actions pending on the effective date" of the amendment.

We agree with the trial court's decision that Appellant should not be permitted to proceed *in forma pauperis.* As we have already discussed, Appellant's claim is frivolous. He seeks to improperly collaterally attack his criminal con-

viction through means of a a civil suit. Therefore, based upon our review of the record and in light of the enactment of Pa.R.C.P. No. 240(j), we dismiss Appellant's complaint and affirm the order of the trial court.