**Curtis THOMAS, Appellant,**

v.

**C.O. 1 Thomas HOLTZ and C.O. 1 McCoy.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 26, 1997.

Decided Feb. 3, 1998.

Curtis Thomas, appellant, for himself.

William E. Fairall, Jr., Camp Hill, for appellees.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether a prisoner can be denied his request to proceed *in forma pauperis,* if the Court determines that his underlying cause of action is frivolous.

Curtis Thomas appeals from the order of the Court of Common Pleas of Cumberland County that denied his request to proceed *in forma pauperis* because the trial court deter-

mined Thomas' complaint against correctional officers Thomas Holtz and McCoy (collectively, correctional officers) was frivolous. We affirm.

The facts are as follows. Thomas was incarcerated at the State Correctional Institution at Huntingdon (SCI–Huntingdon) in Huntingdon County. On December 3, 1996, Thomas filed an action in Cumberland County against the corrections officers, as well as an affidavit to proceed *in forma pauperis.* Thomas' complaint alleges that the correctional officers improperly searched his personal property and confiscated seventy-four magazines. Department of Corrections policy permits an inmate to possess only ten magazines. Any and all magazines in excess of ten are considered contraband and may be confiscated. Thomas complained that the magazines should not have been destroyed until a hearing examiner decided his misconduct. Thomas claims that his rights under Article I, Sections 1, 8, 9, 10 and 26 of the Pennsylvania Constitution were violated because the magazines were destroyed without a due process hearing.

By order dated January 2, 1997, the trial court of Cumberland County denied Thomas' motion to proceed *in forma pauperis* because of improper venue, as the alleged wrongful conduct occurred in Huntingdon County. The trial court's opinion, written pursuant to Pa. R.A.P.1925, held that the complaint filed by Thomas was frivolous pursuant to Pa. R.C.P. No. 240(j), because Thomas did not make any rational argument in fact or in law entitling him to relief.[1]

■ On appeal to this Court, Thomas argues that it was error for the trial court of Cumberland County to deny his request to proceed *in forma pauperis* and instead should have transferred the cause of action to Huntingdon County.[2]

Pa.R.C.P. No. 240(j), provides:

If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, the party has filed a petition for leave to proceed *in forma pauperis,* the court prior to acting upon the petition may dismiss the action, proceeding or appeal in the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

The 1991 explanatory comment to Rule 240 states, in part, that:

The court may dismiss a suit under this rule only where the petition for *in forma pauperis* status is filed simultaneously with the commencement of suit and the court has taken no action on the petition. Once the petition has been granted and the petitioner has taken steps to prosecute the suit, the traditional remedies of preliminary objections, judgment on the pleadings and summary judgment are available to the defending party.

The note following Pa.R.C.P. No. 240(j), states that a frivolous action is one that lacks an arguable basis either in fact or law, citing *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In *Neitzke,* the Supreme Court reviewed the dismissal of an inmate's eighth and fourteenth amendment claims as being frivolous under 28 U.S.C. § 1915(d). The Supreme Court took this occasion to distinguish the reasons for a dismissal pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915(d), and the reasons for a dismissal under Fed.R.Civ.P. 12(b)(6), for failing to state a cause of action. Similar to a demurrer under Pennsylvania's rules, a motion to dismiss under the federal rule attempts to streamline the litigation process by taking the factual allegations of the complaint as true and thus, dispenses with unnecessary discovery and fact finding. The Court found that while there was significant common ground in considering cases, which could be dismissed pursuant to Fed.R.Civ.P. 12(b)(6)

---

**1.** Thomas filed an appeal with the Superior Court, which granted *in forma pauperis* status for purposes of appeal and transferred this case to Commonwealth Court for our review.

**2.** The scope of review of this Court's review of denial of an *in forma pauperis* application by the trial court is limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law. *Bronson v. Lechward,* 155 Pa. Cmwlth. 206, 624 A.2d 799 (1993).

and section 1915(d), the 12(b)(6) standard did not equate with the more lenient standard for frivolousness under section 1915(d). Section 1915(d) permits dismissal only if the petitioner cannot make any rational argument in fact or in law, entitling him to relief.

The *Neitzke* Court further held that section 1915(d) provided judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. As to the inmate's eighth amendment claim, the Court held the circuit court could not state with certainly that the inmate was unable to make any rational argument in fact or in law. However, as to the inmate's second claim, that the defendant failed to provide him with a due process hearing when he was moved from one cell to another, the Court held that the law was clear; prisoners have no constitutional right to remain in any particular cell. Thus, the Court held that the inmate could make no rational argument in fact or in law that his transfer violated due process.

In *Bronson v. Lechward*, we reviewed a trial court's denial of an inmate's petition for leave to proceed *in forma pauperis*. In *Bronson*, the inmate complained that three Department of Corrections' employees deprived him of due process and violated his civil rights by failing to interview him after thirty days in disciplinary custody. The inmate, like Thomas here, filed his petition to proceed *in forma pauperis* simultaneously with his complaint. We held that the trial court's denial of Bronson's petition to proceed *in forma pauperis* had the practical effect of dismissing his complaint on the merits. Thus, we held that it was necessary to determine under Pa.R.C.P. No. 240(j), whether the inmate's complaint was frivolous. Bronson cited Article I, Section 26 of the Pennsylvania Constitution as the basis for his claim. Article I, Section 26 states, "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." We found that a person has a cause of action under Article I, Section 26, if that person has been penalized for exercising a constitutional right. Because Bronson had not alleged that he had been penalized, we held he did not state a cause of action under the constitution.[3]

Thomas, like Bronson, alleges as a basis for his claims for relief, Article I, Section 26 of the Pennsylvania Constitution. Thomas' complaint does not allege that he was penalized in any way for his exercise of a constitutional right and did not allege that the actions of the correction officers were outside the scope of their employment or that their actions would fit into any exception to sovereign immunity. Thus, we hold that under *Bronson*, Thomas' claim under Article I, Section 26 is frivolous.

Thomas lists four other constitutional bases for his claims, Article I, Sections 1, 8, 9 and 10 of the Pennsylvania Constitution. Article I, Section 1 states:

All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, or acquiring, possessing and protecting property and reputation and of pursuing their own happiness.

Thomas did not allege any fact, which suggests a violation of any inherent right declared by Article I, Section 1 of the Pennsylvania Constitution. We have recognized that prison officials must be accorded wide ranging deference in the execution of polices with regard to the day-to-day administration of prisoners under their care. Inquiry by courts into prison management is limited to constitutional violations. While Thomas raises Article I, Section 1 as a basis for his

---

3. We also held that corrections officers, as employees of a Commonwealth agency, were immune from suit when acting within the scope of their employment as long as the claim did not fit into any category in which sovereign immunity had been waived, citing *LaFrankie v. Miklich,* 152 Pa.Cmwlth. 163, 618 A.2d 1145 (1992). Bronson did not allege that the defendants acted outside of the scope of their employment or that any of the exceptions of sovereign immunity applied.

claims, no allegations of the complaint remotely suggest a violation.

Thomas also asserts that his rights under Article I, Section 8 of the Pennsylvania Constitution were violated. Article I, Section 8 states:

The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

Thomas has implied that he has the right to be free from searches and seizes while in prison. However, in *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the United States Supreme Court held that a prisoner has no reasonable expectation of privacy in his prison cell entitling him to fourth amendment protection against unreasonable searches. The Court noted that while prisoners enjoy many protections of the Constitution which are not fundamentally inconsistent with imprisonment itself, or incompatible with the objectives of incarceration, imprisonment carries with it the loss of many rights as being necessary to accommodate the institutional objective of prison facilities. Thus, Thomas' claim under Article I, Section 8 also fails.

Thomas also claims his rights have been violated under Article I, Section 9 of the Pennsylvania Constitution, dealing with the rights of the accused in criminal prosecutions and Article I, Section 10, dealing with criminal proceedings, double jeopardy and eminent domain. There is nothing alleged in Thomas' complaint, which deals with a criminal prosecution, double jeopardy or eminent domain. Thus, there is no constitutional basis for his claims under sections 9 or 10 of the Pennsylvania Constitution.

■ Because Thomas has not articulated any factual or legal basis to support his claims, we hold that the trial court correctly dismissed his cause of action under Pa.R.C.P. No. 240(j). The Superior Court, in *Keller v. Kinsley*, 415 Pa. Superior Ct. 366, 609 A.2d 567 (1992), analyzed a dismissal of a frivolous petition pursuant to Rule 240(j), and found

that the rule "compels courts to avoid granting *in forma pauperis* status to litigants who fail to present a valid cause of action." *Id.* at 370, 609 A.2d at 569. This rationale certainly applies here.

Accordingly, we affirm.

### ORDER

AND NOW, this 3rd day of February, 1998, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is hereby affirmed.