IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwayne Jones,                              :
                    Appellant             :
                                          :   No.  809 C.D. 2015
              v.                          :
                                          :   Submitted:  July 10, 2015
Jane Doe, Mail Inspector No. 5;           :
Tracey Brokenshire; John Kerestes;        :
Dorina Varner; John Wetzel               :


BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY
JUDGE McCULLOUGH                              FILED:  October 28, 2015


            Dwayne Jones appeals *pro se* from the November 19, 2014 order of the
Court of Common Pleas of Schuylkill County (trial court) denying his petition to
proceed *in forma pauperis* (IFP) and dismissing his complaint pursuant to Pa.R.C.P.
No. 240(j).[1]  We affirm.

            Jones is incarcerated at the State Correctional Institution at Mahanoy
(SCI-Mahanoy).  On November 2, 2014, Jones filed a complaint against Jane Doe
Mail Inspector No. 5; Tracey Brokenshire, Department of Corrections Mail Inspector
Supervisor;  John  Kerestes,  SCI-Mahanoy  Superintendent;  Dorina  Varner,
Department of Corrections Chief Grievance Officer; and John Wetzel, Secretary of

_____

[1] Pa.R.C.P. No. 240(j) permits a trial court, prior to ruling on an *in forma pauperis* request,
to dismiss an action where the trial court is satisfied that the action is frivolous.  *Pelzer v. Wrestle*,
49 A.3d 926, 928 n.1 (Pa. Cmwlth. 2012).

the Department of Corrections (DOC), alleging in relevant part as follows. On July 1, 2014, Jones received legal mail that was opened outside his presence by Mail Inspector No. 5, in violation of his First Amendment right to engage in protected communication and in violation of DOC policy DC-ADM 803, which authorizes the inspection of all mail for contraband but requires that legal mail be opened in the inmate's presence.[2] Jones filed a grievance, complaining that he had previously received legal mail from the same office that had been properly handled, asserting that the action violated his First Amendment rights as well as DOC policy, and requesting punitive damages. (Complaint, ¶¶13-16.) On initial review, defendant Brokenshire denied the grievance, and that decision was upheld by defendant Kerestes. On further appeal to the Chief Secretary's Office of Inmate Grievances, defendant Varner concluded that mailroom staff should not have opened the mail in question but found that punitive damages were not warranted. (Complaint, ¶¶17-21.) Jones further alleged in the complaint that legal mail of other inmates has been opened at SCI-Mahanoy outside their presence on numerous occasions and that numerous complaints and grievances have been filed as a result. (Complaint, ¶¶30-31.) Jones sought, *inter alia*, damages in an amount in excess of $35,000 from each of the named defendants.

Jones also filed a petition for leave to proceed IFP. Upon consideration of the IFP petition, the trial court concluded that the complaint lacked any basis in

---

[2] In *Brown v. Pennsylvania Department of Corrections*, 932 A.2d 316 (Pa. Cmwlth. 2007), this Court held that DC-ADM 803 did not impermissibly infringe on an inmate's First Amendment rights because it provides a means for an inmate to exercise his or her right to privileged legal communication. We also noted that mail purporting to be legal mail is not automatically privileged; to be considered privileged, DOC requires counsel to use a control number issued by the department.

law or in fact and thus was a frivolous action. The trial court noted that DOC's regulation, DC-ADM 803, requires the inmate's presence for the inspection of legal mail, so long as the envelope is marked with a control number obtained from the DOC Office of Chief Counsel. However, the trial court found that the allegations in Jones's complaint demonstrated at most that Jones's mail was improperly opened on one occasion. Citing *Hale v. Pennsylvania Department of Corrections*, No. 3:07-CV-0345 (M.D. Pa., filed September 16, 2010), 2010 WL 3791833, the trial court concluded that the mistaken opening of legal mail on one occasion does not support a claim for a violation of the First Amendment. The trial court also concluded that Jones lacked standing to state a claim based on alleged violations of other prisoners' rights. Further, the trial court concluded that, even if the opening of other inmates' legal mail outside their presence could demonstrate a pattern or practice of such conduct at the prison, Jones failed to plead any material facts to support his allegations. Having determined that the allegations in the complaint demonstrate only that Jones's mail was improperly opened on one occasion, the trial court concluded that the underlying action was frivolous. Accordingly, the trial court denied the IFP petition and dismissed Jones's complaint.

On appeal to this Court,[3] Jones argues that the trial court erred in dismissing his complaint as frivolous under Rule 240(j). Jones maintains that he has alleged a viable claim against prison officials for violating his First Amendment right to privileged communication by opening his legal mail outside his presence.

In relevant part, Rule 240(j)(1) states:

---

[3] Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. No. 240(j)(1) is limited to determining whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. *McGriff v. Vidovich*, 699 A.2d 797, 798 n.2 (Pa. Cmwlth. 1997).

3

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. No. 240(j)(1). A frivolous action is one that "lacks an arguable basis either in law or in fact." Pa.R.C.P. No. 240(j)(1), Note (citation omitted). An action is frivolous under Pa.R.C.P. No. 240(j)(1), if, on its face, it does not set forth a valid cause of action. *Keller v. Kinsley*, 609 A.2d 567, 568 (Pa. Super. 1992).

Pennsylvania state prisoners have a First Amendment right not to have properly marked legal mail opened outside of their presence. *Jones v. Brown*, 461 F.3d 353, 355 (3d Cir. 2006), *cert. denied*, 549 U.S. 1286 (2007); *Bieregu v. Reno*, 59 F.3d 1445, 1458 (3d Cir. 1995), *overruled on other grounds*, *Lewis v. Casey*, 518 U.S. 343 (1996); *Brown v Pennsylvania Department of Corrections*, 932 A.2d 316, 319 (Pa. Cmwlth. 2007). In *Jones*, the court explained that a "pattern and practice of opening properly marked incoming legal mail outside of an inmate's presence infringes communications protected by the right to free speech . . . because it chills protected expression and may inhibit the inmate's ability to speak, protest, and complain openly, directly, and without reservation with the court." *Jones*, 461 F.3d at 358-59; *see also Bieregu*, 59 F.3d at 1452.

In *Bieregu*, the court concluded that a pattern and practice of opening an inmate's properly marked incoming court mail outside his presence impinges upon his constitutional rights to free speech and court access. Additionally, the court held that where a prisoner's legal mail is opened repeatedly outside an inmate's presence, there is no "actual injury" requirement to assert a claim. *Id.* at 1455. However, the court was "careful to distinguish between a single, inadvertent opening of properly

4

marked legal mail outside an inmate's presence and a pattern or practice of such actions. The former may not infringe a prisoner's right to free speech, nor his right to court access absent a showing of actual injury.[4] The latter, however, both infringes those rights and fails [*Turner v. Safley*, 482 U.S. 78 (1987)]."[5] *Bieregu*, 59 F.3d at 1455-56.

Although we are not bound to follow the decisions of the Third Circuit on issues of federal law, *Brown*, 932 A.2d at 319, we similarly find them persuasive and conclude that a single, inadvertent opening of properly marked legal mail outside an inmate's presence may not infringe a prisoner's right to free speech or his right to court access absent a showing of actual injury. *Bieregu*, 59 F.3d at 1458. Importantly, Jones does not argue to the contrary. Instead, Jones notes that, in paragraphs 30 and 31 of his complaint, he asserts that, "[u]pon information and belief, there [have] been numerous occasions where legal mail has been opened at SCI-Mahanoy outside the presence of the recipient" and that, "[u]pon information and belief there [have] been numerous complaints and grievances filed as a result . . . ." (Complaint, ¶¶ 30, 31.) Jones argues that, taken together, these averments are

---

[4] The court in *Bieregu* declined to specify a minimum number of instances in which properly marked legal mail is opened outside a prisoner's presence that would be sufficient to eliminate the requirement of showing actual injury, explaining that a determination of whether a prisoner has demonstrated a custom or practice is a factual inquiry. *Id.* at 1455-56.

[5] In *Turner v. Safley*, 482 U.S. 78 (1987), the Supreme Court held that a prison regulation which impinges on an inmate's constitutional rights is valid if it is reasonably related to legitimate penological interests. *Id.* at 89. In determining the reasonableness of a regulation, a court considers the following factors: 1) whether the regulation has a valid, rational connection with the legitimate government interest asserted; 2) whether an alternative means of exercising those rights is available; 3) the impact that accommodation of the rights will have on guards, other inmates, and prison resources; and 4) whether there exists an alternative that fully accommodates inmates' rights at a *de minimis* cost to valid penological interests. *Id.* at 89-91; *Brown*, 932 A.2d at 319.

5

sufficient to state a claim for a pattern or practice of opening legal mail outside Jones's presence. We disagree.

As the trial court correctly noted, Jones does not have standing to assert constitutional rights belonging to other inmates. *Commonwealth v. Omar*, 981 A.2d 179, 190 n.1 (Pa. 2009) (generally speaking, constitutional rights cannot be asserted vicariously); *see also Commonwealth v. Hawkins*, 718 A.2d 265 (Pa. 1998) (maintaining a bar on derivative standing, a doctrine that would have allowed a defendant to vicariously assert the constitutional privacy interests belonging to another in a suppression motion). Moreover, we also agree with the trial court that the general allegations set forth in paragraphs 30 and 31 of Jones's complaint, which relate solely to the handling of other prisoners' mail, are insufficient to demonstrate a pattern or practice related to the improper opening of *Jones's* mail. Because, on its face, Jones's complaint does not set forth a valid cause of action, the trial court properly dismissed it as frivolous under Pa.R.C.P. No. 240(j)(1). *Keller,* 609 A.2d at 568.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Dwayne Jones, | : |
| Appellant | : |
| | :    No. 809 C.D. 2015 |
| v. | : |
| | : |
| Jane Doe, Mail Inspector No. 5; | : |
| Tracey Brokenshire; John Kerestes; | : |
| Dorina Varner; John Wetzel | : |

## ***ORDER***

AND NOW, this 28th day of October, 2015, the order of the Court of Common Pleas of Schuylkill County, dated November 19, 2014, is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge