# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Corliss, : 
              Petitioner : 
       : 
           v. : No. 580 M.D. 2014
       : SUBMITTED: October 2, 2015
Pennsylvania State Police, : 
            Respondent : 

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

## MEMORANDUM AND ORDER

Before the Court are the preliminary objections in the nature of demurrers[2] by Respondent, Pennsylvania State Police (PSP), to the complaint of Justin Corliss seeking mandamus, declaratory and injunctive relief in connection with PSP's implementation of the Sexual Offender Registration and Notification Act (SORNA).[3] These preliminary objections raise the same legal issues decided in this Court's opinion denying Corliss's application for summary relief. For the

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

[2] A demurrer contests the legal sufficiency of a complaint. *Christ the King Manor v. Dep't of Pub. Welfare*, 911 A.2d 624, 633 (Pa. Cmwlth. 2006), *aff'd*, 951 A.2d 255 (Pa. 2008). In ruling on preliminary objections, the courts must accept as true all well-pled facts that are material and all inferences reasonably deducible from the facts. *Id*. However, the courts are not required to accept as true any unwarranted factual inferences, conclusions of law or expressions of opinion. *Id*. For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. Any doubt must be resolved in favor of the non-moving party. *Id*.

[3] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41.

same reasons stated there, we must sustain PSP's preliminary objections. Therefore, this 26th day of April, 2016, it is hereby ORDERED that:

(1) PSP's preliminary objection in the nature of a demurrer alleging that Petitioner was properly classified as a Tier III lifetime registrant under SORNA is hereby SUSTAINED;[4]

(2) PSP's preliminary objection in the nature of a demurrer to Petitioner's ex post facto challenge to SORNA's provision requiring the registration of his vehicles in compliance with Section 4915.1(a)(3) of the Crimes Code, 18 Pa. C.S. § 4915.1(a)(3), is hereby SUSTAINED;[5]

(3) PSP's preliminary objection in the nature of a demurrer to Petitioner's cause of action sounding in mandamus is SUSTAINED to the extent that Petitioner has no clear right to the requested relief of PSP changing his registration status from Tier III to Tier I and exempting him from compliance with SORNA and OVERRULED to the extent that PSP objects to Petitioner's petition for review on the ground that his cause of action sounding in mandamus is an inappropriate avenue for the redress that he seeks;[6]

(4) PSP's preliminary objection in the nature of a demurrer to Petitioner's petition for review alleging that the letters that it sent to Petitioner constituted adequate notice under SORNA, that it satisfied its duty to inform and that it had no duty to replicate the notice of registration requirements and hearing

---

[4] *See Corliss v. Pa. State Police*, (Pa. Cmwlth., 580 M.D. 2014, filed April 26, 2016), slip op. at 7-8.

[5] *See id.* at 9.

[6] *See id.* at 2 n.3 (citing *Taylor v. Pa. State Police*, 132 A.3d 590, 599-600 (Pa. Cmwlth. 2016) (en banc). Our ruling overruling this preliminary objection, in part, does not affect the ultimate outcome, i.e., the dismissal of Petitioner's petition for review.

2

related thereto that the Court of Common Pleas of Monroe County provided to sexual offenders is hereby SUSTAINED;[7]

(5) PSP's preliminary objection in the nature of a demurrer to Petitioner's petition for review alleging that Petitioner cannot use his petition for review to collaterally attack his criminal conviction or his pending criminal prosecution is hereby SUSTAINED;[8]

(6) PSP's preliminary objection in the nature of a demurrer to Petitioner's petition for review alleging that there were no due process or equal protection violations where it had no duty to notify Petitioner of the hearing conducted by the Court of Common Pleas of Monroe County provided to sexual offenders regarding SORNA's registration requirements or to make such hearings available to him is hereby SUSTAINED.

The within "petition for review-complaint in mandamus-with notice to plead" is hereby DISMISSED, with prejudice, and the Chief Clerk is directed to mark this case CLOSED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

---

[7] *See id*. at 8-9.

[8] *See id.* at 9 and *Keller v. Kinsley*, 609 A.2d 567, 569 (Pa. Super. 1992) (holding that a civil action alleging unjust conviction and incarceration cannot be used to collaterally attack criminal convictions; Post-Conviction Relief Act is the sole means by which convictions can be collaterally attacked).