# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre Jacobs,                           :
              Appellant      :
                           :
           v.      : No. 38 C.D. 2017
                           : Submitted: July 21, 2017
Superintendent Michael Clark            :
(SCI Albion); Secretary of              :
Corrections John E. Wetzel              :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge (P.)
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT           FILED: October 23, 2017

Andre Jacobs, *pro se*, appeals an order of the Court of Common Pleas of Erie County (trial court) dismissing his petition for leave to proceed *in forma pauperis* for the stated reason that the Commonwealth Court has subject matter jurisdiction over the underlying claim, which is a petition for writ of *habeas corpus*. Jacobs contends that the trial court erred but, even if it were correct, it should have transferred the matter to Commonwealth Court. We vacate and remand to the trial court.

On November 14, 2016, Jacobs filed a petition for writ of *habeas corpus* against Superintendent Michael Clark (SCI-Albion), and Secretary of Corrections John E. Wetzel (collectively, Prison Officials). Therein, he made two separate claims. First, he asserted that his state sentence had expired, but Prison Officials have refused to transfer him to federal prison to begin his federal sentence. Second, he asserted that Prison Officials have kept him in punitive solitary

confinement for over 16 years, primarily in retaliation for prior successful prison conditions litigation against the Department of Corrections. The petition asserts that Jacobs has been diagnosed with several psychiatric conditions that have been exacerbated by his prolonged solitary confinement.

Jacobs' petition sought a new sentencing hearing; production of state mental health treatment documents pertaining to prisoner treatment and rehabilitation; a rule to show cause why he should not be released to serve his federal sentence; and a rule to show cause why he is being denied the benefits of prison mental health programs.

On November 21, 2016, Jacobs filed a petition for leave to proceed *in forma pauperis*, which the trial court dismissed on November 30, 2016. The trial court reasoned that Commonwealth Court has exclusive jurisdiction over actions against the Commonwealth government and its officers pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa. C.S. §761(a)(1).[1]

Jacobs filed a reconsideration application, in which he cited Pennsylvania Rule of Criminal Procedure 108. It states as follows:

> (A) A petition for writ of habeas corpus challenging the legality of the petitioner's detention or confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the order directing the petitioner's detention or confinement was entered.
>
> (B) *A petition for writ of habeas corpus challenging the conditions of the petitioner's confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the petitioner is confined.*

---

[1] The text of Section 761(a)(1) appears in this opinion, *infra*, at 9-10.
.

> *Comment:* This rule implements Section 6502(b) of the Judicial Code as it applies to the venue for petitions for writs of habeas corpus in criminal matters. 42 Pa.C.S. § 6502(b). The rule is not intended to affect existing law concerning the availability and scope of habeas corpus relief. The rule also is not intended to apply to proceedings authorized by law for post-conviction remedies. *See* Section 6503 of the Judicial Code, 42 Pa.C.S. § 6503.
>
> Separate petitions are required under this rule when the petitioner is confined in one judicial district due to an order entered in another judicial district and seeks to challenge both the legality and the conditions of confinement. A petition misfiled in the wrong judicial district under this rule may be transferred to the proper judicial district pursuant to Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103(a).

PA. R.CRIM.P. 108 (emphasis added). Because Jacobs challenges the conditions of his confinement in SCI-Albion, which is located in the trial court's judicial district, *i.e.* Erie County, he asserts that he filed his action in the proper forum. Alternatively, Jacobs asserts that the trial court should have transferred his action to this Court, pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a).[2]

---

[2] It provides:

> If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or

3

The trial court dismissed Jacobs' reconsideration application as moot, noting that its order of November 30th addressed only the *in forma pauperis* petition and not the merits of Jacobs' petition. The trial court further noted that Commonwealth Court has original jurisdiction over actions against Commonwealth officers.

Jacobs appealed to this Court, purporting to appeal both the initial dismissal of the *in forma pauperis* petition and the dismissal of the motion for reconsideration. Thereafter, the trial court issued a Pennsylvania Rule of Appellate Procedure 1925(a) opinion.[3] Again, the trial court explained that it dismissed Jacobs' *in forma pauperis* petition for lack of jurisdiction. It further explained as follows:

> This Trial Court did not dismiss [Jacobs'] Petition for Writ of *Habeas Corpus*, as [Jacobs] contends; rather, this Trial Court only dismissed [Jacobs' *in forma pauperis*] Petition and [Jacobs'] Motion for Reconsideration …. [Jacobs] never sent a copy of his Petition for Writ of *Habeas Corpus* to this Trial Court's Office, and this Trial Court never had the opportunity to address [Jacobs'] Petition for Writ of *Habeas Corpus* prior to [Jacobs] filing his Notice of Appeal [to Commonwealth Court]. In fact, this Trial Court's involvement with the instant civil

---

magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa. C.S. §5103(a).

[3] It provides:

Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

PA. R.A.P. 1925(a).

action has been extremely brief prior to the instant appeal, and the instant civil action was not even assigned to this Trial Court until more recently.

Trial Court Rule 1925(a) Op., 3/6/2017, at 2; Certified Record (C.R.) Item no. 3 at 2.

Before this Court,[4] Jacobs challenges the trial court's assertion that it did not dismiss the petition for writ of *habeas corpus* "because the only ground cited was jurisdiction – not an incomplete or otherwise defective application." Jacobs' Brief at 5. Further, Pennsylvania Rule of Criminal Procedure 108 and *Bronson v. Domovich*, 628 A.2d 1177 (Pa. Super. 1993), establish that jurisdiction over prison conditions litigation lies with the appropriate court of common pleas, not the Commonwealth Court.

In *Bronson*, an inmate petitioned for a writ of *habeas corpus* against the superintendent of SCI-Pittsburgh and the prison's program review committee, challenging the legality of his placement in solitary confinement. The Court of Common Pleas of Allegheny County dismissed the petition for lack of jurisdiction, and the inmate appealed to the Superior Court. The Superior Court held that a petition for writ of *habeas corpus* challenging the conditions of confinement is

---

[4] This Court's review of a denial of an *in forma pauperis* petition determines whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law. *Thomas v. Holtz*, 707 A.2d 569, 570 n.2 (Pa. Cmwlth. 1998). An order denying *in forma pauperis* status in a civil case is a final and appealable order because "[a] litigant who is denied the ability to bring a cause of action due to his true inability to pay the costs is effectively put out of court." *Grant v. Blaine,* 868 A.2d 400, 402–03 (Pa. 2005).

properly filed in the "judicial district wherein the petitioner is confined." *Id*. at 1178 (quoting former PA. R.CRIM.P. 1701(b)).[5]

Jacobs explains that his petition for writ of *habeas corpus* challenged both prison conditions and the calculation of his sentence. However, the instant petition no longer challenges the calculation of his sentence. Instead, pursuant to Rule 108(A),[6] he has filed a separate petition for writ of *habeas corpus* in the Court of Common Pleas of Fayette County, where he was sentenced.

Prison Officials respond that the trial court properly dismissed both the *in forma pauperis* petition and the petition for writ of *habeas corpus* because jurisdiction lies with the Commonwealth Court. Prison Officials cite *Stackhouse v. Pennsylvania State Police*, 832 A.2d 1004 (Pa. 2003), for the general proposition that claims against Commonwealth officials seeking equitable or declaratory relief, as opposed to money damages, fall within the Commonwealth Court's original jurisdiction.

*Stackhouse* did not involve a petition for writ of *habeas corpus*. Rather, the plaintiff in *Stackhouse* sued her employer, the Pennsylvania State Police, for its actions during an internal investigation in response to her application for a job promotion. She sought monetary damages for invasion of reputation and privacy interests, as well as declaratory and injunctive relief to restrain the State Police from

---

[5] Rule of Criminal Procedure 1701(b) was adopted December 11, 1980, effective April 1, 1981, renumbered as Rule 108, and amended March 1, 2000, effective April 1, 2001. Rule 108(B) retains the identical language of former Rule 1701(b).

[6] It provides:

> A petition for writ of habeas corpus challenging the legality of the petitioner's detention or confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the order directing the petitioner's detention or confinement was entered.

PA. R.CRIM.P. 108(A).

using her private information for any purpose. The trial court transferred the matter to this Court. This Court held that the claim for declaratory and injunctive relief did not change the essential nature of the case, which was a tort action for money damages. Accordingly, we held that the plaintiff's actions belonged in the trial court. The Pennsylvania Supreme Court agreed and remanded the case to the trial court, explaining that the "core" of the complaint was an action in trespass, which is exempt from Commonwealth Court's original jurisdiction pursuant to Section 761(a)(1)(v) of the Judicial Code, 42 Pa. C.S. §761(a)(1)(v).[7] *Stackhouse*, 832 A.2d at 1009.

Before this Court is the trial court's denial of an *in forma pauperis* petition. A litigant "without financial resources to pay the costs of litigation is entitled to proceed *in forma pauperis*." PA. R.C.P. No. 240(b) (emphasis added). When presented with an *in forma pauperis* petition, the court proceeds as follows:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.
>
> *Note:* A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

---

[7] It provides, in pertinent part, that the Commonwealth Court shall have original jurisdiction of all civil actions or proceedings against the Commonwealth government and its officers acting in their official capacities, except

> actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa. C.S. §761(a)(1)(v).

PA. R.C.P. No. 240(j)(1).

Section 6602(e) of the Prison Litigation Reform Act allows a court to dismiss prison conditions litigation where:

> (1) The allegation of indigency is untrue.
>
> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

42 Pa. C.S. §6602(e). In addition, Section 6602(f) authorizes a court to dismiss an *in forma pauperis* petition where the petitioner is an abusive litigator. In doing so, the court applies the following standards:

> If the prisoner has previously filed prison conditions litigation and:
>
> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or
>
> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial;
>
> the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa. C.S. §6602(f).

Here, the trial court dismissed Jacobs' *in forma pauperis* petition based on lack of subject matter jurisdiction, but it did not dismiss the underlying action. More perplexing, the trial court explained in its Rule 1925(a) opinion that it reached

8

this conclusion without reviewing the underlying action. Specifically, the trial court stated that because it did not have a copy of the petition for *habeas corpus* it "never had the opportunity to address [Jacobs'] Petition for Writ of *Habeas Corpus* prior to [Jacobs] filing his Notice of Appeal [to Commonwealth Court]." Trial Court Rule 1925(a) Op., 3/6/2017, at 2; C.R. Item No. 3 at 2. It appears the trial court made its determination based solely on the fact that Commonwealth officers were the named defendants. However, the identity of the named defendants is not determinative of subject matter jurisdiction.

Section 761(a)(1) of the Judicial Code establishes when this Court has jurisdiction over claims against Commonwealth officers and when it does not. Section 761(a)(1) states:

> (a) General rule.--*The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings*:
>
>> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, *except*:
>>
>>> (i) actions or proceedings in the nature of applications for a *writ of habeas corpus* or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court;
>>>
>>> (ii) eminent domain proceedings;
>>>
>>> (iii) actions or proceedings conducted pursuant to Chapter 85 (relating to matters affecting government units);
>>>
>>> (iv) actions or proceedings conducted pursuant to the act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act; and

9

> (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa. C.S. §761(a)(1) (emphasis added).

Section 761(a)(1)(i) expressly deprives this Court of subject matter jurisdiction over "applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court." 42 Pa. C.S. §761(a)(1)(i). Pennsylvania Rule of Criminal Procedure 108(B) states that a "petition for writ of habeas corpus challenging the conditions of the petitioner's confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the petitioner is confined." PA. R.CRIM.P. 108(B). In short, the Commonwealth Court lacks subject matter jurisdiction over Jacobs' underlying petition for relief.

The trial court erred in dismissing Jacobs' *in forma pauperis* petition on grounds that it lacked subject matter jurisdiction over the underlying action. Accordingly, we vacate the trial court's order and remand to the trial court for review of the petition for writ of *habeas corpus* and reconsideration of the *in forma pauperis* petition.[8]

_____
MARY HANNAH LEAVITT, President Judge

---

[8] Further, Jacobs raised two issues in his petition for writ of *habeas corpus*, the first relating to sentencing and the second relating to his continued placement in solitary confinement by Prison Officials. In his brief to this Court, he now claims to be pursuing only the solitary confinement issue before the trial court. However, that assertion does not appear to be of record. On remand, this claim needs to be examined.

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre Jacobs,               :
          Appellant      :
                      :
           v.            :   No. 38 C.D. 2017
                      :
Superintendent Michael Clark    :
(SCI Albion); Secretary of       :
Corrections John E. Wetzel     :

# **O R D E R**

AND NOW, this 23rd day of October, 2017, the order of the Court of Common Pleas of Erie County, dated December 14, 2016, is VACATED and REMANDED in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge