# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vamsidhar R. Vurimindi,        :
                   Appellant   :
                             :
          v.             :    No. 668 C.D. 2023
                             :    SUBMITTED: August 9, 2024

Allison Borowski, Rajani Watson a/k/a :
Rajani Pattinson, Philadelphia District :
Attorney, United States Attorney's :
Office for the Eastern District of :
Pennsylvania, United States Attorney's :
Office for the District of Maryland, :
United States Attorney's Office for the :
Southern District of New York, United :
States Attorney's Office for the Western :
District of Texas, Office of the Attorney :
General for Pennsylvania, Office of the :
Attorney General for New York, and :
Office of the Attorney General for :
Maryland                      :

## <u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**PER CURIAM**                                 **FILED: September 10, 2024**

Appellant, Vamsidhar R. Vurimindi, appeals *pro se* from the order of the Court of Common Pleas of Philadelphia County, dismissing his complaint as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1), Pa.R.Civ.P. 240(j)(1).[1] We affirm.

---

[1] Rule 240(j)(1) provides:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for

**(Footnote continued on next page…)**

In 2014, Vurimindi was convicted of two counts of stalking and one count of disorderly conduct, for which he was sentenced to a period of incarceration followed by probation. *See Commonwealth v. Vurimindi*, 200 A.3d 1031, 1034 (Pa. Super. 2018); *see also Vurimindi v. O'Connor* (Pa. Super., No. 2915 EDA 2022, filed Aug. 29, 2023). He subsequently filed numerous motions, appeals, and correspondence with the trial court, including multiple petitions – both counseled and *pro se* – pursuant to the Post Conviction Relief Act (PCRA).[2]

At issue here, in December 2022, Vurimindi filed a petition to proceed *in forma pauperis* and a lengthy complaint against the two victims from his criminal case and various legal offices. From what we can discern, Vurimindi's complaint alleges prosecutorial and judicial misconduct, the existence of after-discovered evidence, and the denial of his constitutional and appellate rights. The crux of the complaint seeks to set aside a "stay away" or protective order issued in the underlying criminal matter so as to allow Vurimindi to upload video evidence which will purportedly establish his innocence.

By order issued January 27, 2023, the trial court *sua sponte* dismissed Vurimindi's complaint pursuant to Rule 240(j)(1), noting that the complaint failed to state a claim upon which relief can be granted.[3] As the trial court subsequently

---

leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. 240(j)(1).

[2] 42 Pa.C.S. §§ 9541-9546.

[3] A frivolous action is one that "lacks an arguable basis either in law or in fact." Pa.R.Civ.P. 240(j)(1), *Note* (citation omitted). An action is frivolous under Rule 240(j)(1) if, on its face, it does not set forth a valid cause of action. *Keller v. Kinsley*, 609 A.2d 567, 568 (Pa. Super. 1992).

explained, Vurimindi's complaint is frivolous because it is a collateral attack on the legality of his conviction, which may be raised only through a PCRA petition. Trial Ct. Op., July 12, 2023, at 3-4. Vurimindi then appealed to the Superior Court, which transferred the matter to this Court.

Upon review of the record, Vurimindi's arguments, and the law, we conclude that the trial court ably addressed and resolved the issues raised by Vurimindi. Accordingly, we affirm based on the well-reasoned opinion of the Honorable Daniel J. Anders in *Vamsidhar R. Vurimindi v. Allison Borowski* (C.C.P. Philadelphia, No. 230100026, filed July 12, 2023) (appended hereto).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Vamsidhar R. Vurimindi, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 668 C.D. 2023 |
| | : | |
| Allison Borowski, Rajani Watson a/k/a | : | |
| Rajani Pattinson, Philadelphia District | : | |
| Attorney, United States Attorney's | : | |
| Office for the Eastern District of | : | |
| Pennsylvania, United States Attorney's | : | |
| Office for the District of Maryland, | : | |
| United States Attorney's Office for the | : | |
| Southern District of New York, United | : | |
| States Attorney's Office for the Western | : | |
| District of Texas, Office of the Attorney | : | |
| General for Pennsylvania, Office of the | : | |
| Attorney General for New York, and | : | |
| Office of the Attorney General for | : | |
| Maryland | : | |

**PER CURIAM**                **O R D E R**

AND NOW, this 10th day of September, 2024, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is AFFIRMED.

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

VAMSIDHAR R. VURIMINDI     :
    Plaintiff/Appellant,     :  668 CD 2023
  vs.            :  Case No. 230100026
               :
PHILADELPHIA DISTRICT ATTORNEY, ETAL., :
    Defendants/Appellees.    :

## OPINION

Plaintiff Vurimindi appeals the trial court's January 23, 2023 order dismissing his complaint as frivolous and failing to state a claim upon which relief can be granted. For the reasons stated herein, the Superior Court should affirm the January 23, 2023 order.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 25, 2014, Vurimindi was convicted of two counts of stalking and one count of disorderly conduct following a trial before the Hon. Diana L. Anhalt. Vurimindi was sentenced to 15 months to 30 months of confinement followed by 15 months to 30 months of probation.[1]

On May 1, 2014, Vurimindi filed a Post-Conviction Relief Act Petition ("PCRA petition"), as a self-represented litigant. On November 21, 2019, Lawrence O'Connor, Esquire was appointed to represent Vurimindi on a subsequent PCRA petition filed on September 10, 2019. On June 11, 2020, O'Connor filed an Amended PCRA petition on behalf of Vurimindi. Vurimindi continued to file Amended PCRA petitions before and after the amended PCRA petition filed Defendant O'Connor. On March 11, 2021, O'Connor filed a Supplemental PCRA petition on behalf of Vurimindi, who despite O'Connor's filing, continued to file supplemental petitions and appeals to the Superior Court.

---

[1] See Philadelphia Court of Common Pleas Criminal Docket CP-51-CR-0008022-2012, attached hereto as Exhibit A.

OPFLD-Vamsidhar Vs Philadelphia District Attorney Etal

23010002600024

Since Vurimindi's conviction and despite being represented by counsel, he has filed more than 190 *Pro Se* appeals, correspondences, motions and emails in the criminal matter. On June 24, 2022, the Hon. Giovanni Campbell ordered that all further correspondences from Vurimindi be permitted only through counsel. *See* Exhibit A.

On December 30, 2022, self-represented Plaintiff Vurimindi filed an 81 page Complaint with 162 averments, along with a Petition for Leave to Proceed *In Forma Pauperis* ("*IFP* petition") against The Philadelphia District Attorney's Office, Allison Borowski, Rajani Pattison, the Office of Attorney General for the states of Maryland, New York, and Pennsylvania, and the Offices of the Unites States Attorney for the Eastern District of Pennsylvania, the Southern District of New York, the Western District of Texas, and the District of Maryland.

Vurimindi's complaint seeks a declaratory judgment, an injuction, and a writ that would set aside a stay order issued in the criminal matter and allow him to upload alleged video evidence establishing his innocence. Vurimindi's complaint alleges prosecutorial and judicial misconduct, after-discovered evidence, denial of speedy trial, competency to stand trial, denial of appellate rights, and illegal removal proceedings instituted by the federal government. Plaintiff is currently represented by counsel his in the PCRA case. Vurimindi's PCRA petitions have not yet been decided by the PCRA court.[2]

On January 23, 2023, after reviewing Vurimindi's Motion to Proceed *In Forma Pauperis* and Plaintiff's Complaint, the trial court dismissed Vurimindi's action as frivolous. Vurimindi filed a timely appeal of the trial court's January 23, 2023 order.

DISCUSSION

1. The Trial Court Properly Dismissed Plaintiff's Action As Frivolous.

---

[2] Vurimindi's PCRA petition(s) was continued on April 10, 2023 and is currently scheduled for June 20, 2023 for status.

2

Pennsylvania Rule of Civil Procedure 240(j)(1) states, in relevant part, the following:

> If, simultaneous with the commencement of an action...a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action...if it is satisfied that the action...is frivolous.

Pa. R.C.P. 240(j)(1). An action is frivolous if, on its face, the action does not set forth a valid cause of action, *i.e.* the cause of action lacks an arguable basis in law or fact. Pa. R.C.P. 240(j)(1) Note; *Ocasio v. Prison Health Servs.*, 979 A.2d 352, 354 (Pa. Super. Ct. 2009).

Section 9542 of the Post-Conviction Relief Act provides as follows:

> This subchapter provides for an action by which persons convicted of crimes they did not Commit and persons serving illegal sentences may obtain collateral relief. The action established in this chapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction. Except as specifically provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases.

42 Pa.S.C. § 9542. Claims that could be brought under the PCRA must be brought under the PCRA as no other statutory or common law remedy for the same purpose is intended to be available. *See Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). "Where, as here, a defendant's post-conviction claims are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant" *Id.* "A plaintiff may not use a civil action for declaratory judgment...to collaterally attack the legality of his criminal proceedings..." *Keller v. Kinsley*, 609 A.2d 567, 568 (Pa. Super. Ct. 1992).

Here, the trial court properly dismissed Vurimindi's action as frivolous because this civil action is a collateral attack on the legality of his conviction and may only be raised by a PCRA

3

petition. Vurimindi's civil complaint asserts that he was unjustly convicted. He asserts violations of his constitutional rights and common law claims, namely, seeking relief based upon after discovered video evidence, judicial misconduct, prosecutorial misconduct, and immigration issues that directly attack the legality of his conviction. Vurimindi's complaint fails to state a cognizable claim as he filed a civil action seeking to overturn his criminal conviction in the form of a declaratory judgment, an injuction, and a writ against the judges, prosecutors, and attorneys general from several states, of which claims that may only be raised in a PCRA petition. *See Guarrasi v. Scott*, 25 A.3d 394 (Pa. Commw. Ct. 2011)(plaintiff's civil action failed to state a cognizable claim against past and present county judges and officials designated as open records officers as it was a collateral attack of the legality of his criminal proceedings); *See also Keller, supra* (a prisoner's civil action and *in forma pauperis* petition which contested his conviction upon false allegations and sought money damages was properly denied as the claims raised were a direct attack on his criminal conviction).

Accordingly, Vurimindi's civil complaint fails to state a valid cause of action as his claims must be asserted under the PCRA. For all the reasons stated above, the trial court properly dismissed Plaintiff's action as frivolous.

CONCLUSION

Based on the foregoing, the Superior Court should affirm the trial court's January 23, 2023 order.

BY THE COURT:

_____
DANIEL J. ANDERS, JUDGE
Dated: June 20, 2023

4